22024. ECHOLS *v.* ATLANTA, BIRMINGHAM & COAST RAILROAD CO.

DECIDED SEPTEMBER 3, 1932.

*Hewlett & Dennis, E. W. Fountain,* for plaintiff.

*Colquitt, Parker, Troutman & Arkwright, Harllee Branch Jr.,* for defendant.

LUKE, J. T. C. Echols brought an action against the Atlanta, Birmingham & Coast Railroad Company, to recover damages for personal injuries. Error is assigned on the judgment of the superior court sustaining a general demurrer and dismissing the action. Briefly, the facts alleged are : that the plaintiff was driving a covered truck, the top of which was nine feet and nine inches above the ground, on one of the public streets of the City of Atlanta, at a point over which the defendant railroad company maintains an overhead bridge; that this bridge has a clearance of nine feet and seven inches above the street level; and the plaintiff was driving the truck at a moderate rate of speed, to wit, ten miles per hour, when the top of the truck came into violent contact with the lower part of the bridge, precipitating the plaintiff to the street and injuring him; that he was unacquainted with the locality and did not know of the insufficient clearance, and could not have ascertained the same by ordinary care; that there was no warning sign there or thereabouts, apprising the public of the clearance space afforded; that "petitioner took only a casual look at same as his truck approached;" that ordinary care required the defendant to anticipate

the use of such trucks and to provide an overhead bridge of sufficient clearance to permit their safe passage thereunder; that it was negligent in failing so to provide, in failing to warn plaintiff, in holding out an unsafe underpass as a reasonably safe and secure way, and in failing to maintain its tracks, at and where the same cross a public highway, in such manner as to afford safe passage for those entitled to use such highways. It was contended by the defendant that the petition does not set out a valid cause of action; that the injuries complained of were caused by the plaintiff's own negligence, as appears from the facts alleged; and that, by the exercise of ordinary care, the plaintiff could have avoided the injury.

The majority of this court are of the following opinion: "That this court is bound, under rulings of the Supreme Court in the case of *Steele* v. *Central of Ga. Ry. Co.*, 123 *Ga.* 237 (2) (51 S. E. 438), to affirm the judgment sustaining the demurrer to the plaintiff's petition. The Supreme Court in the *Steele* case cited and differentiated the case of *Samples* v. *Atlanta*, 95 *Ga.* 110 (22 S. E. 135), which elaborately discussed the principle that questions of negligence lie peculiarly within the province of the jury. The plaintiff in the *Steele* case, however, under facts making a stronger case for the plaintiff than the facts in the instant case, was held not entitled to recover, because of his own failure to exercise proper care to avoid the consequences of defendant's negligence. Under the facts in the *Steele* case it appears that the plaintiff 'could not see the bridge good until he got in 30 feet of it, because it was down in a cut,' and that within 30 or 40 feet of the bridge the plaintiff began to go down hill towards the bridge, saw it just as he started down, and could not stop his team. In the case at bar the plaintiff was apparently going along a level highway at the rate of 10 miles an hour, and took 'only a casual look' at the bridge."

The writer of this opinion thinks that there is a distinction to be drawn between the facts alleged in the petition in the instant case and the facts of the *Steele* case. In the *Steele* case the evidence showed that the plaintiff had been under the bridge before, and that he "had seen the bridge frequently." In *Barfield* v. *Southern Ry. Co.*, 118 *Ga.* 256 (45 S. E. 282), "there were allegations and evidence to the effect that the space left for passage of loaded wagons under the trestle was too low and narrow; *but the plaintiff was familiar therewith, having driven thereunder several*

*times."* (Italics mine.) The plaintiffs in those cases being familiar with the conditions, they could, in the exercise of ordinary care, have avoided the injury. In the instant case the petition specifically alleges "that petitioner was unacquainted with the locality in question, and did not know of the insufficient clearance space." It does not appear from the allegations of the petition here that the plaintiff suspected any danger, or that there was any reason for him to suspect any danger as he approached the railroad's structure over the public highway. True, he says he "took only a casual look;" but this may have been all that ordinary care required him to do under the circumstances. Had the bridge been obviously too low, say two feet, then ordinary care on the part of plaintiff would have required him to notice it; but since there was only two inches difference between the height of plaintiff's truck and the height of the bridge, ordinary observation might not disclose it. From the allegations of the petition the plaintiff apparently presumed, that, since he was on a public street of a city, a bridge over such a street had sufficient clearance to permit the passage thereunder of a truck the height of which "was not unusual or above the average for a truck of like character, . . regularly accustomed to use the highways;" the height of the truck in the instant case, according to the petition, being 9 feet and 9 inches, while the height allowed by law is 12 feet and 6 inches. See Ga. L. 1927, p. 239, sec. 15. Whether or not the plaintiff exercised ordinary care for his safety in the circumstances, and the question of negligence under the averments of the petition, were questions for a jury. I think the learned trial judge erred in sustaining the demurrer.

*Judgment affirmed. Broyles, C. J., and Hooper, J., concur. Luke, J., dissents.*

Cf. *Butts* v. *Moultrie*, 39 *Ga. App.* 685 (2), 686.