**ENGLISH v. MURPHY et al.**
No. 3726.

Court of Civil Appeals of Texas. Beaumont.
Oct. 30, 1940.

Rehearing Denied Nov. 13, 1940.

Chas. S. Pipkin, of Beaumont, and Darden & Burleson, of Waco, for appellant.

Shivers & Keith, of Port Arthur, for appellees.

O'QUINN, Justice.

This is an appeal from an order of the 58th district court of Jefferson County, Texas, overruling a plea of privilege.

J. H. Murphy was plaintiff in the court below. He filed suit in the district court of Jefferson County against Guy Geardana, a resident of Jefferson County, Texas, and J. M. English, a resident of Harris County, Texas, doing business as J. M. English Truck Lines, to recover damages for injuries alleged to have been suffered by his wife, Modene Murphy, occasioned by a collision between the automobile in which he and his wife were riding, and an automobile driven by defendant below, Guy Geardana, in conjunction with the acts of the driver of a truck driven by an employe of defendant J. M. English, against each of the defendants and alleged that said negligent acts combined caused the injuries suffered by his wife Modene Murphy.

The defendant J. M. English duly filed his plea of privilege to be sued in Harris County, the admitted county of his residence.

Plaintiff seasonably filed his controverting affidavit, and the cause was regularly heard, and judgment entered overruling the plea. No findings of fact or conclusions of law were filed by the court, but there

is in the record a statement of facts duly certified by the court stenographer and approved by the court. The facts are undisputed. On the day of the accident, appellee, Murphy and his wife, were driving easterly on State Highway 90, and the English truck was approaching him from the opposite direction. Immediately behind the truck Geardana was driving in his car following the truck. There was a dragline on and attached to the truck which extended more than twelve feet and a half into the air over the truck. There was a telephone wire stretched over and across the highway. This wire on one side was supported by a wooden 2" X 4" extension fastened to the top of a pole. This wire was approximately twelve feet and six inches above the surface of the highway. The truck passed under this wire, but the extension supporting the dragline on the truck caught the wire and pulled down the 2" X 4" wooden piece extending from the pole. The defendant Geardana driving in his car immediately behind the truck observing the falling 2" X 4" and wire to avoid same suddenly pulled his car to the left-hand side of the highway, and ran his car into plaintiff's car which at that moment was passing the truck, causing it to overturn and causing great damages thereto and severe injuries to his wife and himself. The dragline attached to the truck was thirteen feet and six inches high measured from the concrete top of the highway to the top of the dragline. The telephone wire was twelve feet and six inches above the pavement of the highway. The accident occurred at Raywood, a small town in Liberty County, on State Highway 90.

Plaintiff alleged numerous acts of negligence against both the defendants, Geardana and English, and that said negligent acts concurred and operated together in bringing about the damages suffered by Mrs. Murphy; that the negligence of each of the defendants, acting together, was the proximate cause of the collision, and without which the collision would not have occurred.

Murphy testified: "I was going into the edge of Raywood, proceeding east. I met a truck, dragline truck. Understand, I dont know what a dragline means, because I wasn't raised in the east, and they don't have them where I live. This truck had a high back to it, some kind of crane or something to it, and I noticed this crane hook and overhead wire, and I slowed down. I thought the man was working on the wire at first. And I could see the wire bobbing up and down, and pulling it, and I thought they were probably fixing to pass it over a car or something or another. So I slowed down, watching the wire. And just as I came along abreast of this truck the wire broke and the truck passed on by me, and this other car came out from behind it and hit me at a left angle and turned my car over."

Geardana testified that he lived in Beaumont and was going to Houston, and had been following the truck going about 35 miles an hour; that he was about 50 or 60 feet behind the truck, and that somebody hollered to him to look out for the wire, and he saw a piece of timber and wire come down toward his windshield and that was the last he remembered.

Appellee, Murphy, alleged various acts of negligence on the part of both English and Geardana, and that "The negligence of the defendants, as set out hereinabove, concurred and acted together in bringing about plaintiff's damages; that the negligence of each of said defendants, acting together, was the proximate cause of said collision, and without which said collision would not have happened."

Appellant insists that as the act of negligence alleged against him, and that alleged against his co-defendant Geardana, were separate and distinct acts, not done jointly, venue against him does not lie in Jefferson County, though plaintiff does have a cause of action against defendant Geardana in said county, and the court erred in not sustaining his plea of privilege to be sued in Harris County.

Appellee contends that as the acts of defendant English and Geardana were committed at the same time and place, and the collision was the result of the combined acts of both, and as it required the concurring negligent acts of both of said defendants to produce the collision, and that the collision would not have occurred but for the joint effect of each of their acts, and defendant Geardana residing in Jefferson County, the court did not err in overruling defendant English's plea of privilege.

■■ We think appellee's contention is sound. That the facts as developed raised issues of actionable negligence against each of the defendants is without question. English was operating a truck on State High-

way 90, and the undisputed evidence is that the truck with its load and drag chain extended above the pavement of the highway thirteen feet and six inches. Article 827a, Section 3, subdivision (b) of the Texas Penal Code, Vernon's Annotated, provides: "No vehicle unladen or with load shall exceed a height of twelve feet six inches (12' 6"), including load." The truck with its drag chain extended 13' 6" and so the truck was being operated in violation of the Penal Code, and therefore was negligence as a matter of law. Geardana was running his car immediately behind the truck, at a rate, he said, of about 35 miles an hour. When he saw the falling timber and wire, which English's truck had caught and pulled from its fastening, and that same was apparently going to strike his windshield, he suddenly swerved his car to the left across the highway and struck appellee's car, turned it over, and Mrs. Murphy, who was riding in their car with her husband, was seriously injured. Murphy was on his proper side of the road travelling very slowly—Geardana suddenly ran from behind the truck over to the left side of the highway striking the car of Murphy. The acts of negligence of both defendants English and Geardana were contemporaneous in time, and the both of them, combined, produced the collision which caused the injury. Neither alone would have caused the collision, but concurring they jointly caused the collision, and so were the proximate cause of same.

The rule seems to be well settled that "if the concurrent negligence of two or more persons combined together results in an injury to a third person he may recover from either or all." West v. Bruns, Tex.Civ.App., 294 S.W. 235, 236, 45 C.J. 924. There need be no concert of action between the tort-feasors, it is sufficient if the cumulative effect of their acts is a single, indivisible injury, which would not have happened but for the concurrence of their acts. Baylor University v. Bradshaw, Tex.Civ.App., 52 S.W.2d 1094, 1100, writ of error was granted but the judgment was affirmed, Tex.Com.App., 84 S.W.2d 703.

In the Baylor University case, cited above Judge McClendon, quoting from I Cooley on Torts, 279, said: "Although it is not always definitely so stated the rule seems to have become generally established that, although there is no concert of action between tort feasors, if the cumulative effect of their acts is a single, indivisible injury, which it cannot certainly be said would have resulted but for the concurrence of such acts, the actors are to be held liable as joint tort feasors * * *."

The Supreme Court, in Markham v. Houston Direct Navigation Co., 73 Tex. 247, 11 S.W. 131, 132, said: "'An act wrongfully done by the joint agency or co-operation of several persons will render them liable jointly or severally.' 'The injury done in this case * * * by the contemporaneous act of two separate wrong-doers, who, though not acting in concert, yet by their simultaneous wrongful acts put in motion the agencies which together caused a single injury.'"

Chief Justice Stayton, speaking for the Supreme Court, in Gulf, C. & S. F. Ry. Co. v. McWhirter, 77 Tex. 356, 14 S.W. 26, 27, 19 Am.St.Rep. 755, said: "If an accident occurs from two causes, both due to negligence of different persons, but together the efficient cause, then all the persons whose acts contribute to the accident are liable for an injury resulting, and the negligence of one furnishes no excuse for the negligence of the other."

Texas Power & Light Co. v. Stone, Tex. Civ.App., 84 S.W.2d 738, was a case in which the light company parked its work truck on the west side of the street in the town of Athens, Texas, with a ladder resting upon a structure built over the bed of the truck and protruding out into the street. Stone was upon the roof of the cab of his truck parked near the light company truck, and while he was repairing the roof of his truck, a truck of the Mayfield Company which had a covering similar to that of a covered wagon, with metal bows supporting the covering, was driven down the street, and one of the metal bows of the Mayfield Company truck struck the protruding end of the ladder upon the light company truck, causing the opposite end of the ladder to swing around knocking Stone off of the top of his truck, causing him to suffer injuries. The jury found that both the light company and the Mayfield Company were guilty of negligence, and that the acts of each was a proximate cause of the injuries, and that none of the acts of either of the defendants was the sole proximate cause of said injuries. The Court of Civil Appeals reversed the case because the question of insurance was injected into the case by the plaintiff, but wrote a very satisfactory opinion wherein it rejected the

contention of the light company that there was no causal connection between its negligence and the happening in question, cited numerous authorities supporting its holding, and adopted the rule laid down in 22 R.C.L. Sec. 16, pp. 129, 130, "When an injury occurs through the concurrent negligence of two persons, and would not have happened in the absence of either, the negligence of both is the proximate cause of the accident, and both are answerable."

In the instant case there was only one injury. Certainly the prima facie case of negligence of the truck driver was shown by proof of the violation of the penal statute. Without the negligence of the truck driver in tearing down the telephone wire, the accident would not have happened. If the truck driver had not torn down the wire, Geardana would not have swerved to the left, and there would have been no accident. It took the concurring negligence of both defendants to produce the collision. The acts of neither was the sole proximate cause of the collision; therefore, the two defendants were properly sued together, and as Geardana resided in Jefferson County, the suit was properly brought against both defendants in said county.

Among the authorities cited by appellant as sustaining his contentions, is Houser v. Harris, Tex.Civ.App., 44 S.W.2d 784, 786, which he insists is on the facts practically identical with the instant case, and directly sustains his position. We think that case, upon the law as applied to the facts here shown, can easily be distinguished. To do so we have but to quote from that decision. The court said: "According to the special circumstances, as set out in the findings of the court, the injury to the plaintiff was not caused by nor *did it result through any combined negligence of the two defendants.* The special circumstances reflect acts and conduct entirely separate and independent and wholly without any concert of action on the part of the two wrongdoers. John Houser was either guilty of *negligence directly and solely causing the injury* of plaintiff . * * *, or *he was not guilty of any negligence.* On the other hand, the driver of the truck owned by Ed Sproles *was either guilty of negligence directly producing the injury* to plaintiff * * * or *the driver of the truck was not guilty of any negligence. The injury was not dependent for happening solely by the combined negligence of the two.*" (Italics ours.)

Here, as we have said, without the tearing down of the wire, the accident would not have happened. And if Geardana had not swerved his car to the left, the collision would not have happened. But *the negligence in tearing down the wire by appellant and the negligence in the swerving of his car to the left side of the highway by Geardana combined* did cause the collision, and so the contemporaneous acts of the defendants were the proximate cause and produced the collision and injury to Mrs. Murphy.

From what we have said, the judgment should be affirmed, and it is so ordered.

Affirmed.