Franklin Carr, Appellant, v. Chicago and North-
western Railway Co., Appellee.

Gen. No. 44,147.

Opinion filed February 25, 1948.   Released for publication
March 25, 1948.

SEAGO, PIPIN, BRADLEY & VETTER, of Chicago, for appellant.

LOWELL HASTINGS, DRENNAN J. SLATER and ROBERT C. BEGUELIN, of Chicago, for appellee; DRENNAN J. SLATER, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action for damages to plaintiff's truck-trailer. The damage was done as plaintiff's employee drove the vehicle, 11 feet high, beneath defendant's viaduct over the Huntley-Algonquin Road, in McHenry County. The viaduct was not of sufficient height to accommodate the truck. The amount of the damage was stipulated to be $783.60. The court without a jury found, and entered judgment, for defendant. Plaintiff has appealed.

The accident occurred at 3:30 a.m. on October 8, 1944. The vehicle loaded with cattle was being driven to Huntley. The gravel road under the viaduct was constructed and maintained by McHenry County. The viaduct was built by defendant. There were no signs on the viaduct or otherwise indicating the vertical clearance thereunder.

The issues made by the pleadings are whether plaintiff's employee was in the exercise of due care; whether defendant was guilty of negligence in failing to raise its viaduct or to post vertical clearance signs; and whether the alleged negligence was the proximate cause of the damage. Defendant denied any duty to raise the viaduct or post the signs.

There is a dispute whether the decision was one of law or fact. Defendant says the decision rested on findings of fact; that our power in the case is to determine only whether the findings are against the manifest weight of the evidence; and that since plaintiff makes no claim that the findings are against the

manifest weight of the evidence, the findings are conclusive. Plaintiff argues that though the pleadings raise issues, the evidence is uncontroverted and, accordingly, a legal question only is presented.

The driver's signed statement was introduced by stipulation. He said it was dark at the time of the accident; that he was going about 20 miles per hour in low gear; that he saw the viaduct and "thought I could make it"; that it was his first trip over the road and that it never occurred to him that the vehicle could not clear the viaduct; that he did not stop, but "went right ahead;" that there were no markings on the viaduct; that he had the bright headlights on; that he had had no instructions about the viaduct from plaintiff; and that there were no witnesses to the accident.

The parties stipulated that if called as a witness for plaintiff a State Highway Engineer would testify that on all new Highways constructed by the State a clearance of 14 feet "would be required" under all viaduct crossings; that elevation of viaducts already constructed with less clearance would not be required; and that it is the practice of the State to see that clearance indications are posted on such viaducts. Defendant did not controvert this testimony but objected that it was not material. The viaduct involved here is of old construction. Defendant introduced a stipulation that McHenry County constructed and maintained the road beneath the viaduct. There was no other evidence.

The court "having heard the evidence" found the defendant not guilty, entered judgment that the plaintiff take nothing by the suit, and for defendant's costs. There was no question of what happened and, consequently, no question of fact. Harvard Law Review, Vol. LX #8, pp. 1303 et seq. The question was what were the legal consequences of what admittedly happened. We hold that the court's judgment rested on a finding of law. It is not possible from the record to say whether the finding was upon the driver's due

care or the defendant's negligence. If the record supported either or both the judgment is right.

The truck was several inches higher than the clearance between the road and viaduct. There was at the time of the accident no statute governing the amount of clearance and none governing the height of the trucks. It is plaintiff's contention that the viaduct was part of the crossing so as to bring this case under an Act in Relation to Fencing and Operating Railroads (1874) Chap. 114, Pars. 53–67, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 114.089–114.103]. Section 8 of that Act (Par. 62) provides that "henceforth" railroads should construct and maintain their crossings so that they would be safe for persons and property.

At common law a railroad was required to exercise reasonable care to provide safe crossings at highways in existence. Sec. 8 of the Act requires a railroad to maintain the crossing safely regardless of the question of priority of existence. *Waterbury v. C. M. St. P. & P. Ry. Co.*, 207 Ill. App. 375. It has been held that a crossing includes the viaduct. *City of Chicago v. P. C. C. & St. L. R. R. Co.*, 146 Ill. App. 403. Section 8 does not apply to the road beneath the viaduct. *People v. I. C. R. Co.*, 235 Ill. 374.

There is no contention made by plaintiff that the viaduct was defective in construction or in a state of disrepair. He says that the viaduct is outmoded because traffic has changed and that the defendant in the exercise of reasonable care should have elevated its viaduct or posted the vertical clearance signs. He relies upon *State of Indiana, ex rel. City of Muncie v. Lake Erie & W. R. Co.*, 83 Fed. 284; *Boston & M. R. R. v. County Commissioners* [239 Mass. 127], 131 N. E. 283; *Yackee v. Village of Napoleon, et al.* [135 Ohio St. 344], 21 N. E. (2nd) 111.

In the *Indiana case* the City of Muncie mandamused the railroad to change its viaduct so as to remove an obstacle to the traffic, as developed since the structure

was built. The case before us is not a mandamus between the county and the railroad. In the *Yackee v. Village of Napoleon, et al.* case the court decided that there was no refutation in the record of the plaintiff's claim that the railroad had no franchise to construct the viaduct. It held that the railroad had no right to interfere with the full flow of traffic; that it did so at its peril; and there was no question of care. it went on to state, *dicta*, that there was a duty to make such alterations as are essential to meet changed conditions so as to permit reasonably safe travel. Judgment for plaintiff was affirmed. The record showed the Railroad painted vertical clearance signs on the bridge. It also showed numerous complaints by the Village to the Railroad after several years difficulty by trucks in passing under the bridge, negotiations and discussion of proposed charges, and threats by the Village of suits to abate the situation. There is no showing of that kind in the record before us. In the *Massachusetts case* the City of Reading sought a change in a bridge built by the Railroad forty years earlier. The bridge was located in a street 60 feet wide. It was built only about 20 feet wide. It had to accommodate street car traffic, teams and vehicular traffic using the street. With increased and changing traffic it became inadequate and an obstruction. The court held the obligation of the Railroad not to obstruct was continuous and enlarged as requirements of travel compelled changes to provide reasonable safety. We think the distinction between that and the instant case is obvious.

The highway was constructed and maintained by the County and the vertical clearance was variable, depending on the highway work done. This would require, if plaintiff's position is sound, defendant's elevating its track or remarking the viaduct to keep pace with the varying clearances. Defendant says it would be unreasonable to require the railroad to shoulder the

burden of expense of raising its tracks. This does not answer the point as to marking.

Generally a railroad is not liable where the overhead structure has been placed under due authority, been constructed with reasonable skill and maintained in good repair. 25 Amer. Jur. 491. There is no contention defendant had no authority, and none as to construction or repair. For all the record shows the viaduct when built may have provided sufficient clearance to accommodate plaintiff's truck. Defendant had no obligation or right concerning the paving of the highway beneath the viaduct. The County may have paved and repaved the road, raising its crown and reducing the clearance. Under these circumstances the Railroad cannot be held negligent in failing to maintain the original clearance (*Shedd v. Pollard* [55 Ga. App. 828], 191 S. E. 492) and surely it could not be required to raise the viaduct. *Gray v. Danbury*, 54 Conn. 574.

There is no negligence on the part of defendant in failing to post signs of the clearance. *Echols v. Atlanta, B. & C. Railroad* [45 Ga. App. 609], 165 S. E. 484; *Lorentz v. Public Service Ry. Co.* [103 N. J. L. 104], 134 Atl. 818. There was no statutory requirement that it do so. There is no showing otherwise of any duty to do so, or as to how it could be effectively done, or that it would have made any difference in this case.

For the reasons given the judgment is affirmed.

*Judgment affirmed.*

Lewe, P. J., and Burke, J., concur.