Vernon Bossert and Ivan Bossert, Appellees, v.
Wabash Railroad Company, Appellant.

Gen. No. 10,318.

Opinion filed September 29, 1949. Released for publication October 18, 1949.

EVA L. MINOR, of Kankakee, for appellant.

JOHN H. BECKERS, of Kankakee, for appellees.

MR. JUSTICE DOVE delivered the opinion of the court.
This appeal by defendant, Wabash Railroad Company, grows out of an action at law commenced in the circuit court of Kankakee county against defendant by plaintiffs, Vernon Bossert and Ivan Bossert. Plaintiff, Vernon Bossert, brought suit to recover damages to his tractor and plaintiffs, Vernon Bossert and Ivan Bossert, seek to recover their damages to their corn picker. The tractor and corn picker were damaged when they were struck at a public highway crossing by a passenger train of defendant.

The original complaint consisted of three counts. The first count alleged that the defendant owned and operated a railroad which crosses at grade a public highway in Kankakee county and quoted the statute of this State which requires all railroad corporations at all railroad crossings of highways in the State to construct and maintain their crossings and the approaches thereto, within their respective rights of way, so that, at all times, they shall be safe as to persons and property. (Ill. Rev. Stat. 1947, ch. 114, par. 62 [Jones Ill. Stats. Ann. 114.098].) This count then alleged that notwithstanding this duty the tracks of the defendant railroad company which crossed the highway at the crossing described in the complaint were more than four feet higher than the surface of the highway immediately adjacent to the right of way of the railroad. It was then alleged that the approaches to this crossing were so steep that it was dangerous to cross the tracks at this crossing with gasoline propelled vehicles and that such crossing and approaches were not reasonably safe for crossing. This count then alleged that on October 31, 1946, the plaintiff, Ivan Bossert, was driving a tractor belonging to the plaintiff, Vernon Bossert, to which was attached a corn picker; that because of the steepness of the grade and the disrepair of the crossing and the approaches thereto, the tractor and picker became stalled upon the railroad tracks of the defendant; that one of the plaintiffs observed the train of the defendant approaching the crossing and attempted to flag it and cause it to stop but the employees of the company did not heed the warnings but continued to operate their train at sixty or seventy miles per hour and ran into the stalled tractor and demolished it and damaged the corn picker attached thereto.

Subsequently the other counts of the original complaint were dismissed by the plaintiffs and two additional counts were filed. These two additional counts,

in addition to the allegations made in the first count charged (1) that the defendant, by its servants and employees negligently and carelessly constructed and maintained said crossing and the approaches thereto in such manner that said crossing was not reasonably safe as to persons and property using it; (2) that the defendant negligently and carelessly ran and operated said train at a rate of speed greater than was reasonable and safe for persons using said crossing in said unsafe condition; (3) that defendant negligently and carelessly failed to keep a look out for persons and property rightfully upon said crossing; (4) that defendant negligently and carelessly failed to equip said train with a sufficient head light and (5) that defendant had violated rule 204 of general order No. 138 of the Illinois Commerce Commission which regulates the grades of crossings established or reconstructed after the adoption of said rule and had also violated rule 205 of the same general order which provides that at every grade crossing where the duty of constructing either the crossing or the approaches is by statute, or by order of the commission or in any lawful manner, placed upon a railroad company, it is the duty of the company to construct and maintain the crossing or approaches so that at all times they will be safe as to persons and property. These additional counts averred that by reason of the negligent acts of the defendant in not complying with the rules and regulations of the Commerce Commission and in the construction of said crossing with a grade in excess of ten per cent, the tractor and picker of the plaintiffs was stalled upon the crossing and destroyed when the servants of the defendant negligently and carelessly drove their train, at a great speed, upon the tractor.

The defendant answered and denied the several charges of negligence and averred that the plaintiff, Ivan Bossert, moved this tractor, which had a normal operating speed of six or less miles per hour, across

the tracks of defendant without first notifying defendant and without stopping and listening and looking for an approaching train in violation of the provisions of the statute of this State (Ill. Rev. Stat. 1947, ch. 95½, par. 182 [Jones Ill. Stats. Ann. 85.214]). A reply was filed and a trial of the issues made by the pleadings was entered upon. At the close of the plaintiff's case the paragraphs of the first count of the original complaint and the paragraphs of the two additional counts pleading the statute requiring the construction and maintenance of railroad crossings so that at all times they would be safe for persons and property and the paragraphs alleging a violation of such duty were withdrawn by the plaintiffs upon their motion. At the close of the plaintiffs' case the court struck from the complaint the paragraphs thereof which alleged excessive speed, failure to equip the engine with a sufficient headlight and those parts which pleaded the rules of the Commerce Commission and which alleged a violation thereof.

Motions by the defendant at the conclusion of the plaintiffs' case and at the close of all the evidence for directed verdicts were overruled and the jury returned a verdict in favor of the plaintiff, Vernon Bossert, for $1,600 for damages to the tractor and in favor of both plaintiffs for $50 for damages to the corn picker. Upon these verdicts judgments were entered and the defendant appeals.

After the appeal had been perfected appellees filed their motion in this court for leave to amend the two additional counts by inserting in each count the provisions of the statute upon which they rely for recovery, the proposed amendment which they move this court for leave to file alleges that the defendant "negligently and carelessly constructed and maintained said crossing and the approaches thereto in such manner that said crossing was not reasonably safe as to persons and property using said crossing, contrary to Section 62 of Chapter 114 of the Revised Statutes of

the state of Illinois.'' This motion was taken with the case.

An examination of the pleadings and record discloses that this statute and its alleged violation were specifically pleaded in paragraphs two and three of count one of the original complaint and in paragraphs two and three of the first and second additional counts and that at the close of the evidence offered on behalf of the plaintiffs, the plaintiffs upon their own action voluntarily withdrew these paragraphs, two and three of count one of the original complaint and also withdrew paragraphs two and three of the first and second additional counts. By so doing the allegation of the statutory duty of the defendant and breach thereof was entirely removed from the case. Counsel for appellant, in opposition to appellees motion to so amend, state that in view of the withdrawal of the allegations in the complaint and additional counts of this statutory provision and its violation, at the close of plaintiffs case and upon the motion of the plaintiffs, appellant offered no evidence as to the condition of the crossing because there was no such issue before the jury. We are inclined to agree with appellant that it would be unfair to permit this amendment to be made at this time. Section 46 (3) of the Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 170, subpar. (3); Jones Ill. Stats. Ann. 104.046, subpar. (3)] provides that a pleading may be amended at any time before or after judgment to conform the pleadings to the proofs but that would not be the effect of the allowance of this motion. It would be reasonable to conclude that at the time plaintiffs voluntarily withdrew these allegations which they now wish inserted in their complaint, they did not believe their proof sustained those charges. The motion of appellees to amend their complaint in this court, will be denied.

The evidence discloses that after the plaintiff, Ivan Bossert had finished picking corn on the afternoon of October 31, 1946 at a farm one-half mile north and

one-fourth of a mile west of the railroad crossing in question, he started home. He was driving a model A. John Deere 1940 tractor. Attached to this tractor was a corn picker and two empty farm wagons. The entire outfit was about forty feet in length. It was about 4:45 o'clock in the afternoon when Ivan arrived at the crossing with which he was familiar, having been born within one-half mile of it and having lived in its vicinity all his life. He had crossed this crossing with the same equipment on other occasions, knew its condition and testified that he thought it was perfectly safe for him to go across with his tractor, corn picker and wagons. The day was cloudy, there had been a shower and the visibility was poor. The roadway, however, was solid but a little sticky. The tractor was equipped with rubber tires, starter, lights and a power take-off. In traveling thirty-seven feet up to the rail there was an elevation of forty-five inches. The rails at the crossing had a plank on each side about ten and one-half feet long. There was loose gravel between the planks on the inside of the rails and gravel and cinders in the highway. He testified that as he approached the crossing he was traveling between six and seven miles per hour and was in fourth gear. He shifted to low gear, reduced his speed to one or one and one-half miles per hour. The front wheels of the tractor went over the first rail and planks and as the front wheels struck the second rail the rear wheels came against the plank of the first rail. Instead of going upon and over the plank and rail the rear wheels started to spin in the gravel and he was unable to go forward. He tried to get the pin out that hooked the tractor to the picker but was unable to do so but he was able to unhook the wagons. He then observed the Banner Blue passenger train of appellant approaching the crossing and going in a northerly direction two and one-half miles away. Ivan testified that he ran up the track toward the train, waving his arms in an

endeavor to stop the train. From the testimony of both the engineer and fireman it appears that there was a whistling post one quarter of a mile from the crossing and that the train was traveling at the rate of sixty or sixty-five miles per hour. The engineer was on the right side of the cab of the engine looking out and the fireman on the left side of the cab looking out. It was a few minutes past five o'clock in the afternoon when they approached the crossing. It was dusk, between daylight and dark, and the headlight on the locomotive was burning brightly. Both the engineer and fireman saw the tractor on the crossing about the same time, which was shortly after they had passed the whistling post. The mechanism to stop the train was immediately set in motion but the shortest distance in which the train could be stopped was twenty-seven hundred feet so that the train was several hundred feet north of the crossing when it stopped.

Counsel for appellant insists that when the plaintiffs withdrew the paragraphs of their complaint which pleaded the statute requiring railroad companies to construct and maintain their crossings and the approaches thereto in a safe condition and alleged a violation of this statutory duty, they thereby removed from the case any issue in regard to the construction or maintenance of this crossing.

■ ■ At common law a railroad company in constructing its road, was under an obligation to provide safe and convenient crossings at highways then existing. (*City of Bloomington v. Illinois Cent. R. Co.*, 154 Ill. 539, 543; *Carr v. Chicago & N. W. Ry. Co.*, 333 Ill. App. 567, 570.) This duty, at common law, applied only to crossings constructed prior to the railroad. (*Waterbury v. Chicago, M. & St. P. R. Co.*, 207 Ill. App. 375.) Notwithstanding the fact that there is no evidence in this record as to when this crossing was constructed and notwithstanding that plaintiffs had withdrawn their charge of a breach of statutory duty, the

court instructed the jury that it was the duty of the defendant to construct and maintain this crossing and the approaches thereto within its right of way so that at all times said crossing is reasonably safe as to persons and property. Under the pleadings and evidence found in this record it was error to so instruct the jury.

Appellee, Ivan Bossert, testified that after the tractor was stalled on the crossing he saw the train as it approached the crossing two and one-half miles away. He had no light or signal but ran toward the on-coming train waving his arms. He testified that he ran up the track twelve or fourteen hundred feet but the trainmen gave no indication that they saw him and the engineer and fireman both testified that they did not see him. Ivan testified that it was impossible to see a man at a distance of one-half a mile. The railroad traversed an open, level, flat, farming country. At the speed that the train was traveling it was impossible to bring it to a stop in less than one-half mile. The engineer and fireman were in their proper places in the engine cab, looking ahead, the headlight on their engine was burning brightly and their testimony was that the tractor could not be seen until they were almost eight hundred feet from the crossing. Under the undisputed facts as they appear in this record we believe the charge that defendant failed to keep a lookout for persons and property rightfully upon this crossing is not sustained by the evidence.

Appellant also insists that the proximate cause of the plaintiffs' damage was the negligence of the driver of the tractor, Ivan Bossert, and in support of this contention calls our attention to the statute which provides: ''(a) No person shall operate or move any track type vehicle, steam shovel, derrick, roller, or any equipment or structure having a normal operating speed of six or less miles per hour . . . upon or across

any tracks at a railroad grade crossing without first complying with this section. (b) Notice of any such intended crossing shall be given to a superintendent of such railroad and a reasonable time be given to such railroad to provide proper protection at such crossing.'' (Ill. Rev. Stat. 1947, ch. 95½, par. 182 [Jones Ill. Stats. Ann. 85.214].)

 In our opinion this statute has nothing to do with the moving of implements of husbandry such as tractors, corn huskers and farm wagons across railroad grade crossings. It will be noted that the statute refers to any ''track type vehicle, steam shovel, derrick, roller, *or any equipment or structure having a normal operating speed of six or less miles per hour.''* Under the rule of ejusdem generis general words following particular ones should be construed as meaning things of the same general character, sort, kind or class with those named. (*Holmes v. Rolando,* 320 Ill. App. 475, 481.) In *Bullman v. City of Chicago,* 367 Ill. 217, at page 226, the rule is laid down in this language: ''It has been repeatedly held by this and other courts, that where general words follow particular and specific words in a statute the general words must be construed to include only things of the same kind as those indicated by the particular and specific words: (Citing cases) and this rule is enforced in the construction of a statute unless there is something in the statute, or its context, which shows that the doctrine of ejusdem generis should not be applied.'' We do not believe that it was intended by the legislature that this section was to apply to farmers or others crossing railroad tracks with tractors or any similar type of farm machinery. Such a construction would be unreasonable and impractical and the trial court should not have given defendant's eleventh instruction.

For the foregoing reasons the judgment of the circuit court of Kankakee county is reversed and this cause is remanded.

*Reversed and remanded.*