Hazel LEWIS, Appellant,

v.

Ann LANSING, Appellee.

No. 16012.

Court of Civil Appeals of Texas.

Fort Worth.

May 22, 1959.

Harry Burns, Houston, for appellant.

Butler, Binion, Rice & Cook and John L. McConn, Jr., Houston, for appellee.

MASSEY, Chief Justice.

This is a suit for damages growing out of an automobile collision. Hazel Lewis was plaintiff in the court below, and Ann Lansing was the defendant. There was a dispute about which of the parties was entitled to a judgment based upon the verdict of the jury. The defendant coupled with her motion for judgment a motion to disregard the jury's answer to Special Issue No. 4 (finding that defendant's failure to yield the right-of-way was the sole proximate cause of the collision) and the trial court did disregard said answer. The judgment was entered on the verdict as same subsisted with the answer to Special Issue No. 4 disregarded, and was for the defendant, in that plaintiff took nothing. The plaintiff appealed.

Judgment reversed. Judgment rendered in behalf of the plaintiff and against the defendant for damages as found by the jury.

We will copy herein Special Issues No. 3 and No. 4 as submitted to the jury, along with the answers returned thereto.

Special Issue No. 3: "Do you find from a preponderance of the evidence that Mrs. Lansing failed to yield the right-of-way to plaintiff's automobile being operated on Willow Bend Road immediately prior to the collision made the basis of this suit?" Answer: "We do."

Special Issue No. 4: "Do you find from a preponderance of the evidence that such failure, if you have so found, was the sole proximate cause of the collision in question?" Answer: "We do."

Appended to Special Issue No. 3 was an instruction to the jury that "right-of-way" meant "the privilege of immediate use of the highway". Plaintiff's pleadings sufficiently stated that the acts committed by the defendant were such as were condemned by Section 72 of Vernon's Ann.Civ.T.S. Art. 6701d, "Uniform Act Regulating Traffic on Highways". We will deal more specifically with this part of our statutory law at a later stage of the opinion.

The general nature of the collision was as follows: It occurred in Harris County outside the city limits of Houston. Willow Bend runs east and west and has an esplanade dividing the traffic traveling in different directions. It intersects with Post Oak, which runs north and south. There were traffic signal-control lights at the intersection. Immediately prior to the time of the collision these lights were on the red or "stop" signal for traffic traveling on Willow Bend. There was a large van-type

truck stopped, headed east, in the left-hand lane, waiting for the lights to change. The lights did change and this truck was started and turned to the left so as to proceed in a northerly direction on Post Oak. At the time the lights changed both plaintiff and defendant were traveling toward the intersection in their respective automobiles. The plaintiff, traveling east, was intending to proceed straight through the intersection. The defendant, traveling west, was intending to make a left turn at the intersection and thereafter proceed toward the south on Post Oak. Neither had occasion to reduce speed on account of the signal-control lights. Each observed the lights as they approached and each observed the truck heretofore mentioned. Neither saw the automobile of the other prior to the time they collided. The defendant made her left turn and drove onto the path being traveled by the automobile of the plaintiff. The front of the plaintiff's automobile struck into the middle of the right side of the automobile of the defendant.

The primary question involved in this case is whether, in the absence of any objection to the form of submission of such an issue as was submitted on "sole proximate cause", an affirmative answer made to the issue could be disregarded and judgment accordingly rendered for the defendant on the premise that the plaintiff had not sustained the burden of proof.

■ Ordinarily an action may be defended on the ground that the sole proximate cause of the accident in question was the act of a third party, an extraneous happening, or the like. It has been said that the issue does not arise when the suit is between an injured party or those in privity with him and the party inflicting the injury. 30–B Tex.Jur., p. 226 "Negligence", sec. 45 "Negligence of Third Person or Natural Forces"; International-Great Northern R. Co. v. Acker, Tex.Civ.App. Eastland, 1939, 128 S.W.2d 506, writ dism., judgment correct; Panhandle & Santa Fe Ry. Co. v. Ray, Tex.Civ.App.

Austin, 1949, 221 S.W.2d 936, writ refused, n. r. e.; Sunset Motor Lines v. Blasingame, Tex.Civ.App. Dallas, 1951, 245 S.W.2d 288, writ dismissed.

In the case of Panhandle & Santa Fe Ry. Co. v. Ray, supra [221 S.W.2d 941], the defendant was overruled on his complaint because the trial court refused to submit special issues inquiring whether the plaintiff looked in a certain direction immediately before the collision, and if so whether such was the "sole proximate cause" thereof. In the case of Hemsell v. Summers, Tex.Civ.App. Amarillo, 1940, 138 S.W.2d 865, 871, the defendant complained because the trial court refused to submit requested issues inquiring whether certain acts and omissions on the part of the plaintiff severally constituted the "sole proximate cause" of the collision. As to each the trial court did submit special issues on "proximate cause". The court wrote: " * * * it is held by our courts that 'proximate cause' being broader and more comprehensive than sole cause and more proof and a greater burden of evidence being required to prove that an act of negligence was the sole cause than merely to show that it was a proximate cause, it is not error to refuse to submit the question of sole proximate cause as to such matters where the same question is submitted as to the proximate cause of the injury."

In no case cited to us, nor in any case that we have found, has the precise question before us been resolved. All the discussion available upon the subject seems to relate to contributory negligence issues where it was alleged that negligences charged amounted to both "proximate causes" and "sole proximate causes". See the discussion in Hodges on Special Issue Submission in Texas, p. 58 "Inferential Rebuttal Issues", sec. 22 "Sole Proximate Cause".

■ It is of course elemental that in a negligence case where the only issues submitted to the jury are those of the plaintiff, that if and in the event only one act of

negligence is found to have been existent, and that also found to have been a proximate cause of the collision, then it would be the only proximate cause among all those alleged. Such a finding does not necessarily exclude the possibility that there might have been another or additional proximate causes. However, it is entirely possible that the only proximate cause found would be the "sole proximate cause" of the collision.

The basis of the legal statements upon the matter of whether "sole proximate cause" is or is not in a case, and upon the matter of whether a party pleading the same is entitled to have the issue submitted, is a rationale founded upon Texas' method of special issue submission. Over-liberal submission of such an issue would ordinarily do nothing except to clutter up the charges of the courts with unnecessary and improper issues which would serve only to create conflicting findings or unduly confuse juries. For this reason, therefore, we readily find the premise for the statements made in the authorities, and we agree that the issue should not be submitted unless there is in the case some question of whether the collision or accident was caused by the act of a third party, an extraneous happening, or the like.

But what of a case, such as the one before us, where the plaintiff alleges certain negligence on the part of the defendant to have constituted the "sole proximate cause" of a collision, the court submits the case on the theory so plead, and the jury finds in accord with such theory? It is to be remembered that the defendant in the case alleged certain acts and omissions on the part of the plaintiff amounted to contributory negligence which was a proximate cause of the collision, but the jury refused to find for the defendant on any issues submitting the defense.

It is likewise to be remembered that the defendant was content to object to the issues on the acts of negligence charged against her (and later found to have con-stituted the "sole proximate cause" of the collision) on the ground that the evidence did not warrant the submission thereof and that affirmative findings would not be supported by sufficient evidence and would be against the great weight and preponderance of the evidence. It would seem that the defendant was aware of the greater burden undertaken by the plaintiff in abandoning the hope of recovery under findings of proximate cause to the type of issues ordinarily submitted, and seeking instead to recover under a finding of "sole proximate cause". Defendant's own burden was correspondingly lessened due to the increased burden assumed by the plaintiff. However, she was surely aware that if the jury found an issue of "sole proximate cause" against her, she would have a mistrial due to a conflict in the verdict rather than entitlement to a judgment, if at the same time the jury should find for her on one or more of the contributory negligence issues.

Though we are of the opinion that it would have been better had the trial court submitted the negligence issues of the plaintiff and conditionally submitted the usual proximate cause issues thereon, we are of the further opinion that the defendant is not entitled to complain because this was not done. "Proximate cause" is surely a lesser included term encompassed by the term "sole proximate cause". In view of the answers returned to the issues submitted to the jury we believe the plaintiff was entitled to a judgment if defendant's failure to yield the right-of-way amounted to negligence per se. The defendant did not complain to the trial court of the submission made below and has waived any right to complain here. We do not attempt to resolve the different question which would be posed had defendant objected to the court's charge and had her objection overruled.

But, says defendant, even though we should arrive at the conclusion we have reached, the judgment entered in her behalf should nevertheless be affirmed because there was no special issue inquiring

whether her failure to yield the right-of-way to the plaintiff amounted to negligence, and therefore we are obliged to treat the implied finding on negligence as having been found in favor of the defendant rather than the plaintiff, under the provisions of Texas Rules of Civil Procedure 279. Defendant insists that there is evidence which would have supported a jury finding that her failure to yield the right-of-way was nonnegligent under the circumstances, that it would have been proper to have required the jury to answer an issue on negligence in this case, and, as an omitted finding, the issue on negligence should be deemed to have been found by the court in such manner as to support the judgment.

In addition to a denial that the Rule is subject to such a use, plaintiff counters with the contention that the defendant's failure to yield the right-of-way under the circumstances existent at the time of the collision constituted a violation of the Uniform Act Regulating Traffic on Highways, V.A.T.S. Art. 6701d, and specifically Article VIII "Right-of-way", Sec. 72 "Vehicle turning left at intersection", reading:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, * * *."

Article XVI "Penalties and Disposition of Fines and Forfeitures", Sec. 143(a) provides:

"It is a misdemeanor for any person to violate any of the provisions of this Act unless such violation is by this Act or other law of this State declared to be a felony."

Because of these statutes, says plaintiff, the defendant's failure to yield the right-of-way, under the circumstances of the collision, amounted to a crime and was negligence per se. Therefore, she insists that the plaintiff's failure was negligence

as a matter of law and it would have been improper to submit any question of negligence to the jury under common-law principles.

We note that the defendant did not object to the charge because of the absence of such an issue making inquiry as to negligence. It is observed from the record made below that the defendant simply did not see the approaching automobile of the plaintiff and did not anticipate its presence within the intersection or in hazardous proximity thereto. Although at one time the defendant's vision was obscured by the truck which was stopped awaiting a change of the signal-control lights at the intersection, and thereafter started up and in the act of turning to the left so as to go north in front of her, her view was not obstructed immediately prior to the collision when she drove onto the path being traveled by the plaintiff's automobile.

■ Under these circumstances we believe that the plaintiff made out a case of statutory violation on the part of the defendant, as to which violation the defendant made no proof of excuse, justification or explanation such as would be necessary in order to require the trial court to submit any special issue inquiring about defendant's negligence as though the matter was to be resolved under common-law principles. In view of the statute the legislative standard has been established to the effect that the failure to yield the right-of-way under the circumstances of a case such as the one at hand constitutes negligence as a matter of law, or per se. Obviously it was the opinion of the trial court that such legislative standard was properly applicable to this case, otherwise it would have submitted an issue on negligence. Though we agree that the legislative standard need not be adopted in every instance, we believe that it was properly adopted in the present case for it was applicable in view of the state of the whole record. See the texts and cases referred to and commented upon as follows: Hodges on Special Issue Sub-

mission in Texas, p. 67 et seq., "Inferential Rebuttal Issues", sec. 25 "Excused Statutory Violations"; 25 Tex.Law Rev., p. 286 et seq., "Unreasonable Legislative Standards as a Criterion for Establishing Negligence" (Ernest L. Sample); p. 424 "Negligence—Violation of Statute—Excused Violation" (Ernest L. Sample); 27 Tex.Law Rev., p. 866 et seq. "Negligence—Statutory Violation—Sufficiency of Excuse to Warrant Jury Question" (Hubert W. Green, Jr.); 34 Tex.Law Rev., p. 971 et seq. "Special Issues Under Article 6701d, Section 86(d), of the Texas Civil Statutes" (Robert W. Calvert, Associate Justice, Supreme Court of Texas).

■■ Of course it would be reasonable to conclude that the defendant, in failing to see the plaintiff's automobile prior to the collision, did not keep a proper lookout. The jury refused to find in answer to an issue on this question that the defendant failed to keep a proper lookout. The burden upon the issue was of course cast upon the plaintiff, and in view of the answer was not discharged. We do not, in view of the negative answer, treat the jury as having found that the defendant did keep a proper lookout, but rather treat the case as one wherein such issue was not even raised. The defendant is not entitled to claim any benefit in said negative answer as applied to the issues upon her failure to yield the right-of-way.

■ It follows from what we have said that the plaintiff was entitled to a judgment based upon the verdict of the jury. The trial court erred in disregarding the answer returned to Special Issue No. 4 finding "sole proximate cause".

■ We will therefore treat the case as though judgment had been entered for the plaintiff, and proceed to test the evidence in the record upon the issues treated as the foundation therefor, in accord with that part of the defendant's "Reply Point One" (no evidence) and "Cross Point Two" (the finding is against the great weight and preponderance of the evidence). When we make this test, making every reasonable intendment in favor of the plaintiff upon the evidence, we reach the conclusion that there was evidence to support the jury findings made and that it was sufficient. We also reach the conclusion that said findings are not against the great weight and preponderance of all the evidence to the contrary. There is no good reason why the evidence should be detailed upon the matter and we will not unduly lengthen this opinion by attempting to do so.

■ By other points the defendant contends that since the jury found that plaintiff failed to keep a proper lookout immediately prior to the time of the collision, it erred when it refused to find that such failure was a proximate cause of the collision. The defendant says that the negative finding made upon the issue was against the great weight and preponderance of the evidence. Defendant also says that the finding "is without support in the evidence". Our review of the evidence convinces us that the jury was entitled but not compelled to find in accord with defendant's contentions. Therefore the jury's refusal to find in accordance therewith was within its province, was reasonable, and its answer returned was final and binding.

Judgment is reversed, and judgment is rendered in favor of the plaintiff and against defendant for damages as found by the jury.