**LEWIE MONTGOMERY TRUCKING CO. et al., Appellants,**

v.

**SOUTHERN PACIFIC COMPANY, Appellee.**

No. 203.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

March 12, 1969.

Rehearing Denied April 9, 1969.

Alice Giessel, Talbert, Giessel, Barnett & Stone, Houston, for appellants.

Wm. L. Durham, Howard S. Hoover, Murfee & Hoover, Houston, for appellee.

BARRON, Justice.

This is an action for property damage to a railroad bridge brought by Southern Pacific Company against Lewie Montgomery Trucking Company and its employee, J. B. Lightfoot. The cause of action arose out of an accident on May 3, 1965, when a truck owned by defendant and driven by Lightfoot collided with plaintiff's overpass on U.S. Highway 290, near the City of Burton, in Washington County, Texas. The height of the defendant's truck, as loaded, was greater than the clearance of plaintiff's overpass.

The jury returned a verdict in which they found in answer to special issues that defendant, J. B. Lightfoot, was not negligent, that plaintiff, Southern Pacific Company, was negligent in failing to place adequate warning signs, and that this negligence was a proximate cause of the collision in question. Damages were found to be $8,671.33.

Plaintiff filed motion for judgment non obstante veredicto and to disregard special issues, and the trial court after a hearing disregarded special issues number 1, 3 and 4, dealing with negligence, contributory negligence and proximate cause as above. The trial court entered judgment in favor of Southern Pacific Company and against defendants for the above sum, holding as a matter of law that Lightfoot was negligent, and as a matter of law that such negligence was a proximate cause of the damages incurred, and that plaintiff, as a matter of law, was not negligent. The court held that special issues number 1, 3 and 4 had no support in the evidence. No motion for new trial was filed, and defendants have appealed from the trial court's judgment non obstante veredicto to this Court.

The record shows that on May 3, 1965, at approximately 6:40 p. m., J. B. Lightfoot was traveling in a westerly direction on a two-lane highway, U.S. 290 near Burton, Texas, at a speed of approximately forty to forty-five miles per hour. It was daylight and the pavement was dry. He was driving an R–200 International Truck which was new and in good condition. His float was loaded with two 10 x 12 heater treaters, two big tanks. The height of his load was about 15′ 10″, which Lightfoot had personally measured. He had obtained a Texas Highway Department Permit for oversized load for a sixteen foot load. However, the permit which Lightfoot obtained included a provision that "applicant shall detour all low structures on this route at his own risk." His prescribed route on the permit included U.S. 290 from Brenham to Austin. He had traveled the road many times, but this was the first time he had traveled it with an over-height permit. A lady at the Highway Department planned his route for him. When he picked up his

permit, she stated to him that she had routed him through Navasota to miss two low bridges near Hempstead, and that these were the only low ones. She told him that he could clear the rest of the structures.

On U.S. Highway 290 near the city of Burton, there are three overpasses. Lightfoot collided with the third one, the railroad bridge. The overpasses with their minimum vertical clearances, as one traveling west would approach them, were Brazos Street overpass, 17′ 4″, Main Street overpass, 24′ 2″, Southern Pacific overpass, 14′ 3½″. There were single vertical clearance signs posted 490′ east of the Brazos Street overpass and 580′ west of the Southern Pacific Railroad overpass. The distance between the center of the Brazos Street overpass and the Main Street overpass was 325′ 4″, and the distance between the center of the Main Street overpass and the Southern Pacific Railroad overpass was 406′ 3″. The grade layout shows a slight rise up to the Brazos Street overpass, then the road descends slightly to the Main Street overpass and descends more sharply to the railroad overpass.

On the date of the collision in question, there was a Texas Highway Department diamond-shaped warning sign stating, "Clearance 14 ft. 3 in.," located 1,230 feet east of plaintiff's railroad overpass. Lightfoot faced and passed by this sign prior to colliding with plaintiff's overpass. Lightfoot testified, however, that his attention was directed to a truck which was following him closely at the time, and that he did not see the sign. On the preceding day, however, he had faced and passed by a highway sign stating, "Clearance 14 ft. 3 in." at a point 578 feet west of plaintiff's overpass. The warning signs, east and west, had been there for about ten or twelve years prior to the collision.

It is possible to avoid these overpasses by going through Burton. However, at the point where the Burton cut-off intersected U.S. 290, the vertical clearance sign, although visible, could not be read, and an over-height vehicle would have to turn around in the highway or back out through the overpasses. When the driver of an over-height truck gets to a point where he can read the sign, it is possible to turn a truck around on the shoulder and highway. The sign was easy to spot. Lightfoot approached the railroad bridge on a down grade, and when he saw that he was not going to be able to clear it, he put on his brakes, but he was not able to stop in time to avoid hitting the bridge. There was evidence showing that there had been three accidents prior to May 3, 1965 from trucks running into the overpass bridge.

Defendants contend that the trial court committed reversible error in disregarding the above findings of the jury, and that judgment should have been rendered by the trial court in favor of the trucking company.

Vernon's Ann.P.C. Art. 827a, Sec. 3(b) provides that:

"No vehicle unladen or with load shall exceed a height of thirteen feet six inches (13′ 6″) including load; provided, however, it shall be unlawful to operate or attempt to operate any vehicle over or on any bridge or through any underpass or similar structure unless the height of such vehicle, including load, is less than the vertical clearance of such structure as shown by the records of the Department. * * *"

■ The undisputed evidence established that on the date of the collision in question the records of the Texas Highway Department showed that plaintiff's overpass had a vertical clearance of fourteen feet three and one-half inches and that the height of the truck involved in the collision, including load, was approximately fifteen feet ten inches. The maximum legal height of a truck is ordinarily 13′ 6″. The fact that the defendant driver was operating his truck under a permit from the Highway Department did not excuse him from the limitations of the permit,

namely, to "detour all low structures on this route at his own risk." We believe the driver was clearly operating his truck in violation of Vernon's Ann.P.C., Art. 827a, Sec. 3(b), quoted above. In Texas & P. Ry. Co. v. Baker, 215 S.W. 556, 557 (Tex.Comm.App.), it was said:

"A duty being imposed by statute, a breach thereof, resulting in an injury, of the character which the statute sought to prevent, to one for whose advantage it was enacted, itself constitutes negligence without reference to the degree of care exercised, or of reasonable anticipation of an injury."

See also Bergeron v. City of Port Arthur, 264 S.W.2d 769, 774, (Tex.Civ.App.), writ. ref., n. r. e.; Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, 590; East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613, 615; Lewis v. Lansing, 325 S.W.2d 214, 219, (Tex.Civ.App.), no writ hist.; Boggus v. Miller, 388 S.W.2d 240, (Tex.Civ.App.), writ ref., n. r. e. And see English v. Murphy, 145 S.W.2d 201, 202, 203, (Tex.Civ. App.), no writ hist.

■ A violation of a penal statute which contains an appropriate standard for determining civil liability, constitutes negligence per se. However, this rule is not generally absolute. The party violating the statute may assume the burden of going forward with the evidence and raise an issue as to an excusable violation. If he brings forward sufficient evidence to raise the issue, then usually the issue of negligence determined by the reasonably prudent man standard should be submitted, and the burden of proof upon this issue rests with the party asserting negligence, for upon him rests the burden of proof as distinguished from the burden of going forward with the evidence. See Phoenix Refining Co. v. Powell, 251 S.W.2d 892, 897, (Tex.Civ. App.), writ ref., n. r. e.; Missouri-Kansas-Texas R. Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931, 939; 44 Tex.L.Rev. 13, 20; 40 Tex.Jur.2d, Sec. 15, p. 463; Ashman v. Smith, 389 S.W.2d 509, 512, (Tex.Civ.App.), no writ hist.

■ In the case at bar, Lightfoot was traveling over a familiar highway, a narrow road, in a heavily loaded and over-height truck which he had personally measured at a speed of forty to forty-five miles an hour, under a permit which charged him to "detour all low structures on this route at his own risk." He failed to see a clearly visible warning sign concerning the low structure. While he testified that he was being closely followed at the time by another truck, and consequently that he did not see the sign, the record shows that he failed to take any evasive action whatsoever. He had the opportunity to detour the low structure, but he failed to do so. There is nothing to show that Lightfoot could not have stopped his truck or have taken appropriate action to avoid the truck behind him if the rear truck was distracting his attention. Plaintiff's railroad overpass was in compliance with the statute governing height. The accident happened during the daytime. Under all the circumstances, the above facts negative the excuse upon which defendant attempts to rely. In Ashman, supra, the Court held that if the actor's negligence placed him in the position which caused him to violate the statute, then such violation is not excused. We hold that defendant's conduct, considering the prohibitive nature of the criminal statute involved and its purpose, together with all the circumstances, constitutes negligence as a matter of law, and that such negligence, as a matter of law, was a proximate cause of the accident and the damages sustained by plaintiff. The fact that a clerk in the Highway Department office told Lightfoot that all other structures were safe, does not relieve him of his obligations, nor does such statement abridge his liability under the law. His written permit was clear and definite concerning risk, care and duty.

■ Proximate cause becomes a question of law when it consists of a violation of the law or the circumstances are such

that, in the opinion of the court, reasonable minds could not arrive at different conclusions. Burton v. Billingsly, 129 S.W.2d 439, 442, (Tex.Civ.App.), writ ref.; Cave v. Texas & Pacific Railway Company, 296 S.W.2d 558, 560, (Tex.Civ.App.), writ ref., n. r. e.; Missouri Pacific Railroad Company v. Dean, 417 S.W.2d 357, (Tex.Civ.App.), writ ref., n. r. e. And see Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352, 355, 356. We hold that the negligence of defendant was a proximate cause of the damages as a matter of law.

The jury found in answer to special issue number 3 that the railroad had failed, on the occasion in question, to place adequate warning signs for over-height trucks approaching the railroad overpass in question. The jury found for defendants on this issue and on the following issue of proximate cause.

We have found no statutory requirement or other authority imposing a duty on the part of the plaintiff railroad to place signs warning over-height trucks not to attempt to drive under its overpass. We believe that the railroad had no duty to post warning signs under these conditions. In fact, it is doubtful whether the railroad had the authority to do so if the movement of traffic was thereby affected. See Art. 6701d, Sections 29–31, 36, Vernon's Ann.Tex.Civ.St.; Art. 827a, Sections 11, 13, 14 and 15, V.A. P.C.

In Carr v. Chicago & Northwestern Ry. Co., 333 Ill.App. 567, 77 N.E.2d 857, (1948), the appellant contended, among other things, that the railroad was negligent in failing to post signs of the clearance of its bridge. In rejecting this contention the Appellate Court stated and held at page 860:

"There is no negligence on the part of defendant in failing to post signs of the clearance (citing cases). There was no statutory requirement that it do so. There is no showing otherwise of any duty to do so, or as to how it could be

effectively done, or that it would have made any difference in this case."

 The posting of traffic signs on a highway is ordinarily reserved to the Texas Highway Department and various local governmental authorities. The Texas Highway Department had posted signs showing the clearances in this case, and we hold that the railroad had no duty to post additional warning signs. See and compare City of Austin v. Schmedes, 156 Tex. 416, 279 S.W.2d 326, 52 A.L.R.2d 680.

The trial court properly and correctly disregarded the special issues above, and correctly rendered judgment non obstante veredicto for plaintiff in the amount shown. The judgment of the trial court is affirmed.