**Robert J. CAVE, Appellant,**

v.

**TEXAS & PACIFIC RAILWAY COMPANY,**
Appellee.

No. 3265.

Court of Civil Appeals of Texas.

Eastland.

Nov. 23, 1956.

Rehearing Denied Dec. 14, 1956.

Donald V. Yarborough, Dallas, for appellant.

W. B. Patterson, Dallas, for appellee.

LONG, Justice.

This is a suit instituted by Robert J. Cave against Texas & Pacific Railway Company to recover damages for injuries sustained by him on November 25, 1947, when the truck which he was driving struck a freight train at a public crossing in the town of Forney, Texas. In response to special issues the jury found that the employees of the railroad were guilty of negligence (1) in failing to keep a proper lookout, (2) in operating the train at an excessive rate of speed and in failing to sound a whistle or bell. They further found that such acts of negligence was each a proximate cause of the accident and awarded Cave damages in the sum of $17,500. The jury found that Cave failed to keep a proper lookout but that such failure was not a proximate cause of the accident. The jury further found that Cave failed to reduce the speed of the truck as he approached the railroad crossing, but that such failure was not negligence and was not a proximate cause of the accident. The jury also found that Cave failed to stop his truck before reaching the crossing, but that such failure was not a proximate

cause of the accident. Cave made a motion for judgment based upon the verdict. The railroad company moved the court to disregard the findings of the jury that Cave's failure to keep a proper lookout was not a proximate cause, that his failure to reduce his speed was not negligence and not a proximate cause and that his failure to stop was not a proximate cause and to render judgment for the company. The trial court overruled Cave's motion for judgment but sustained the railroad company's motion to disregard these issues and rendered judgment that Cave take nothing. Cave has appealed.

It is the contention of Appellant that the court erred in overruling his motion for judgment and in sustaining the motion of Appellee to disregard said findings and in entering judgment in its favor. The evidence discloses that on the day of the accident in question Appellant was driving a bread truck from Dallas to Forney and was delivering bread at various places along said route. That he had been so engaged for about four years, driving the same route each morning six days of each week. That at about 5:30 in the morning of November 25, 1947, Appellant was travelling in a northerly direction on a street in the town of Forney going in the direction of Appellee's railway track. That he was travelling about twenty miles an hour. A train on Appellee's track was approaching from the East travelling at from thirty to thirty-five miles per hour. It is undisputed that Appellant drove the truck which he was operating into the side of the engine of said train at about four feet from the front thereof. As a result of such collision Appellant sustained serious bodily injuries. We believe the trial court was correct in disregarding the finding that the failure of the Appellant to keep a proper lookout was not a proximate cause of the collision. The jury found that Appellant failed to keep a proper lookout but found that such failure was not a proximate cause of the collision. The jury found that the employees of the railroad company failed to

keep a proper lookout but also found that such failure was a proximate cause of the accident. We fail to see how the jury could find that the failure of the Appellant to keep a proper lookout was not a proximate cause and at the same time find that the failure of the employees of the railway company to keep a proper lookout was a proximate cause. We are of the opinion that reasonable minds cannot differ as to whether Appellant's failure to keep a proper lookout was a proximate cause of the collision. Appellant knew that the railroad crossing was there. He had been driving across it for six days each week for a period of four years. There was no obstruction which would have prevented him from looking down the railroad track in the direction from which the train was approaching, except a small building which was situated 120 to 150 feet from the crossing. There was not a curve in either the street or the railroad track. The street crossed the track at right angles. Both the track and the street were practically level at the crossing. The Appellant gives no explanation as to why he failed to see the train before he ran into it, except that the train's headlight was not burning. Assuming that the headlight was not burning, it is undisputed that otherwise the train was lighted as trains usually are at night and there is nothing in the evidence indicating that such lights would not have been observed and the noise of such a train would not have been heard had Appellant kept a lookout. Appellant further testified that his hearing was good; that the lights on his truck were burning; that his brakes were in a satisfactory condition and that he had no impairment of his eyesight. He testified that he never saw nor heard the train before the collision. The train involved was a freight train, comprised of a steam locomotive and sixty-nine (69) freight cars. The train was between ¾ths of a mile and one mile in length. In Gulf, Colorado & S. F. Ry. Co. v. Gaddis, Tex.Com.App., 208 S.W. 895, 896, the court said:

"It is well settled in this state that one who crosses a railroad track must, as a matter of law, exercise some degree of care for his own safety. All men in possession of their faculties are charged with knowledge that a railroad track is a dangerous place, and the law will not permit them to go upon the track, even at a public highway, without being charged with a recognition of the danger attending such action and the use of such care as ordinary prudence would dictate in so doing. Where no care whatever has been exercised, our courts uniformly hold that contributory negligence exists as a matter of law, and recovery is denied."

We believe that it is conclusively established that the failure of Appellant to keep a proper lookout was a proximate cause of the accident. We realize that proximate cause is usually a question of fact to be decided by the jury, except where the circumstances are such that in the opinion of the court reasonable minds could not arrive at a different conclusion. Texas & N. O. R. Co. v. Stewart, Tex.Civ.App., 248 S.W.2d 177; Wichita Valley Ry. Co. v. Fite, Tex.Civ.App., 78 S.W.2d 714. We are of the opinion that reasonable minds could not arrive at a different conclusion other than that the failure of the Appellant to keep a proper lookout was a proximate cause of the accident. There was no obstruction to prevent the Appellant from seeing the train in time to have avoided the collision. There is evidence that the train was making considerable noise. In the very nature of things a train consisting of a steam locomotive and sixty-nine freight cars would make a noise that could be heard for a long distance. We are of the opinion that the trial court correctly disregarded the finding that the failure of Appellant to keep a proper lookout was not a proximate cause of the collision and in rendering judgment that Appellant take nothing.

Appellant relies on Texas & P. R. Co. **v.** Midkiff, 275 S.W.2d 841, by this court. The instant case is distinguishable from the Midkiff case on the facts. Furthermore, in the Midkiff case the jury found that the Plaintiff did not fail to keep a proper lookout. We do not believe that the Midkiff case is controlling here.

We have considered all points of error raised by Appellant and find no merit in any of them.

The judgment of the trial court is affirmed.