MISSOURI PACIFIC RAILROAD COMPANY, Petitioner,

v.

AMERICAN STATESMAN, Respondent.

No. B–6207.

Supreme Court of Texas.

May 18, 1977.

Rehearing Denied June 22, 1977.

Gresham, Davis, Gregory, Worthy & Moore, Bond Davis and Marshall B. Miller, Jr., San Antonio, for petitioner.

Clark, Thomas, Winters & Shapiro, Barry K. Bishop, Austin, for respondent.

DANIEL, Justice.

The American Statesman, a newspaper publishing company, filed this suit against Missouri Pacific Railroad Company for damages alleged to have resulted from the negligence of the railroad company in running a boxcar into the steel scaffolding (tram) extending from the American Statesman's building over a spur track owned and operated by the Missouri Pacific. The principal question is whether the trial court should have found proximate cause as a matter of law as a result of American Statesman's negligent failure to provide a clearance of twenty-two feet beneath the structure as required by Article 6559a.[1]

A jury found that Missouri Pacific or its agent was negligent in assuring American Statesman that the tram, built with a clearance of 16′ 4″, could accommodate any boxcar which would move under such tram and that such negligence was a proximate cause of American's damages. The jury also found negligence and proximate cause on the part of Missouri Pacific in moving the boxcar into the American Statesman's tram. On the other hand, the jury found that the Statesman's failure to construct the tram with a clearance of twenty-two feet, as required by statute, was negligence on the part of American Statesman. However, the jury found that such failure was not a proximate cause of American Statesman's damages. Both parties moved for a judgment on the verdict. The trial court entered judgment for the American Statesman. The Court of Civil Appeals affirmed. 538 S.W.2d 229. We reverse the judgments of the courts below and render judgment for Missouri Pacific.

On July 17, 1972, a boxcar, allegedly being "spotted" by a Missouri Pacific train crew, collided with the steel scaffolding which was attached to the American Statesman's building. The scaffolding or "tram" had been constructed to facilitate the movement of a press, consisting of eight units, each weighing approximately 50,000 pounds, to the new American Statesman building.

Prior to the July collision, Mr. Tim Brown, production director for the Statesman, attempted to contact Mr. Leo Murphy, Missouri Pacific's local freight agent, to discuss the construction of the tram across the spur track. Although Mr. Murphy was unable to meet with Mr. Brown at that time, Mr. John Henry, an assistant construction engineer for Missouri Pacific, visited the American Statesman's office and provided

---

1. All citations to statutes refer to Vernon's Annotated Texas Civil Statutes, unless otherwise noted.

two employees of the newspaper with information on the 22 ft. clearance requirements mandated by Article 6559a. Thereafter, Mr. Brown determined that the newspaper could not feasibly construct the tram with a clearance of 22 feet. Mr. Murphy met with Mr. Brown, and, according to Mr. Brown, assured him that it was safe for the tram to be built with a 16' 4" clearance. The American Statesman contends that Mr. Murphy, as agent for the railroad, gave the newspaper authority to build the tram lower than the statutory clearance. Mr. Murphy denies that he gave the American Statesman authority to build the tram across the spur track, but merely that he assured the newspaper that a lower clearance would be adequate. The parties disagreed on the height of the minimum clearance that Mr. Murphy stated as being adequate.

Article 6559a provides:

"All bridges, viaducts, overheadways, footbridges, wires or other structures hereafter built over the tracks of a railway, or over the tracks of railroads, by the State, or by a county, municipality, a railroad company or other corporation, firm, partnership, or natural person, shall be placed not less than twenty-two (22) feet in the clear from the top of the rails of such track, or tracks to such structure or wire, or to the bottom of the lowest sill, girder or crossbeam, the lowest downward projection on the bridge, viaduct, overheadway, or footbridge or other structure."

Article 6559e provides for a penalty of not less than $100 nor more than $1000 for any violation of the clearance requirements. Suit for penalties under Article 6559e shall be filed by the Attorney General. Clearance deviations under Article 6559f may be granted only by the Texas Railroad Commission after proper notice to the Attorney General.

Missouri Pacific contends that the Statesman was negligent as a matter of law in constructing the structure at a lower elevation than required by law and that the facts and circumstances warrant a finding that such negligence was also a proximate cause of the accident as a matter of law. In *Southern Pacific Company v. Castro*, 493 S.W.2d 491 (Tex.1973), this Court discussed the doctrine of negligence *per se* and adopted the view of the Restatement (Second) of Torts, Sec. 288 B (1965):

"(1) The unexcused violation of a legislative enactment or an administrative regulation which is adopted by the court as defining the standard of conduct of a reasonable man, is negligence in itself."

■ Thus, for negligence *per se*, there must (1) be a violation of a legislative enactment, (2) which is unexcused. The rule is also well settled in Texas that one who seeks to excuse a statutory violation must present some evidence of a permissible excuse for his statutory violation. *L.M.B. Corporation v. Gurecky*, 501 S.W.2d 300 (Tex.1973).

In *Impson v. Structural Metals, Inc.*, 487 S.W.2d 694 (Tex.1972), this Court cited some of the permissible excuses for violation of legislative standards by quoting from the Restatement (Second) of Torts, Sec. 288 A (1965). Sec. 288 A provides that a violation of a statute may be excused (unless the enactment or regulation is constructed not to permit such excuse) when

(a) the violation is reasonable because of the actor's incapacity;

(b) he neither knows nor should have known of the occasion for compliance;

(c) he is unable after reasonable diligence or care to comply;

(d) he is confronted by an emergency not due to his own misconduct;

(e) compliance would involve a greater risk of harm to the actor or to others.

This Court in *Impson* approved of the general treatment of legally acceptable excuses cited above, noting that the applicable illustrations of the five categories were merely dictum. The evidence in this case establishes that the American Statesman knowingly violated the clearance statute, and the newspaper did not show a legally acceptable permissible excuse for the violation.

█ American Statesman contends that the doctrine of negligence *per se* is inapplicable for the benefit of Missouri Pacific in this case, not because of any excusable violations, but because the statute involved was not designed to protect railroad companies. *Mundy v. Pirie-Slaughter Motor Co.*, 146 Tex. 314, 206 S.W.2d 587 (1947), has generally been cited for the proposition that in order for a party to show negligence *per se*, it must belong to the class of persons which the statute is designed to protect. American Statesman contends that a statute imposing such severe penalties upon railway companies was not designed to protect the railroad. American Statesman also contends that the statute was not intended to prevent the type of incident that occurred here, but was intended to protect railroad employees who used to be required to work on top of cars. This argument is without merit. Where the Legislature has declared that a particular act shall not be done, it fixes a standard of reasonable care, and an unexcused violation of the statute constitutes negligence or contributory negligence as a matter of law. *Parrott v. Garcia*, 436 S.W.2d 897 (Tex.1969). It should be noted that Article 6559a applies to the *State* and any *county, municipality, railroad company, corporation, firm, partnership* or *natural person*. The railroad company and the newspaper are within the class of persons covered and the type of accident that occurred here was one of the very types of accidents that the Legislature apparently sought to avoid in enacting Article 6559a.

█ The jury found that the American Statesman was negligent in constructing the tram with a clearance of less than twenty-two feet. No attack is made on that finding. Such construction was in violation of the statute and unexcused. Therefore, the plaintiff, American Statesman, is contributorily negligent *per se*.[2] However, a finding of negligence *per se* only subjects the American Statesman to possible liability; it does not establish liability. In addition, a showing is required that such negligence was a proximate cause of the damages. *East Texas Motor Freight Lines v. Loftis*, 148 Tex. 242, 223 S.W.2d 613 (1949); *Waterman Lumber Co. v. Beatty*, 110 Tex. 225, 218 S.W. 363 (1920). In other words, a liability does not attach to every act of negligence *per se*; such liability only attaches when the injury or damages are a proximate result of that negligence. *H. and T. C. Ry. Co. v. J. F. Wilson*, 60 Tex. 142 (1883).

█ Whether we label the act or omission as negligence *per se* or common negligence, the rules for determining proximate cause are the same. *Katz v. Southwestern Scrap Materials Co.*, 412 S.W.2d 685 (Tex.Civ.App.1967, no writ); *Kenny v. El Paso Elec. Co.*, 371 S.W.2d 777 (Tex.Civ.App.1963, writ ref'd n. r. e.). Under Texas law, proximate cause consists of two elements: (1) cause in fact, and (2) foreseeability. *Farley v. M. M. Cattle Co.*, 529 S.W.2d 751 (Tex.1975); *East Texas Theatres, Inc. v. Rutledge*, 453 S.W.2d 466 (Tex.1970); *Biggers v. Continental Bus System, Inc.*, 157 Tex. 351, 303 S.W.2d 359 (1957). Both elements must be present. *Clark v. Waggoner*, 452 S.W.2d 437 (Tex.1970). Cause in fact as an element of proximate cause means that the negligent act or omission was a substantial factor in bringing about the injury and without which no harm would have been incurred. *Texas and Pacific Railway Company v. McCleery*, 418 S.W.2d 494 (Tex.1967). Foreseeability is satisfied by showing that the actor as a person of ordinary intelligence should have anticipated the danger to others by his negligent act. Foreseeability does not require that the actor anticipate just how the injuries will grow out of the particular dangerous situation. *Clark v. Waggoner, supra; Hopson v. Gulf Oil Corp.*, 150 Tex. 1, 237 S.W.2d 352 (1951). An act wanting in ordinary care which actively aids in producing an injury as a direct and existing cause

2. The incident here occurred before the Legislature enacted the comparative negligence statute. Article 2212a, Section 1 (1973).

*need not be the sole cause*; but it must be a concurring cause and such as might reasonably have been contemplated as contributing to the result under the attending circumstances. It matters not what the actor believed would happen, but whether he ought to have reasonably foreseen that the event in question, or some similar event, would occur. *Clark v. Waggoner, supra*, at 440; *Gonzales v. City of Galveston*, 84 Tex. 3, 19 S.W. 284 (1892).

As for causation, we conclude that but for the American Statesman's erection of the tram in violation of the statute, the accident would not have occurred. Although Missouri Pacific was negligent in moving its car into the tram, such an incident was the kind of accident clearly contemplated by the Legislature when Article 6559a was enacted to provide sufficient clearance of structures built above or across railroad tracks.

The majority of the Court is of the opinion that in this case proximate cause was established as a matter of law and that there was no evidence to support the jury's finding to the contrary. As noted heretofore, the provisions of Article 6559a are all inclusive.

Two recent cases, which involve similar considerations, support this conclusion. In *Lewie Montgomery Trucking Co. v. Southern Pacific Company*, 439 S.W.2d 691 (Tex. Civ.App.1969, writ ref'd n. r. e.), Southern Pacific sued the defendant trucking company for damages to its railroad bridge near Burton when an overheight truck attempted unsuccessfully to proceed through the underpass below the bridge. The truck driver had obtained a Texas Highway Department Permit for his oversized load and had been warned of two low bridges on his planned course. The bridge with which he ultimately collided was not one of those two of which he was warned, but the bridge was marked as to maximum height by a sign on the bridge itself and on a road sign placed to warn those approaching the bridge.

The permit obtained by the driver included a provision which stated that "applicant shall detour all low structures on this route at his own risk." Furthermore, a statute was in effect which made it unlawful "to operate or attempt to operate any vehicle over or on any bridge or through any underpass or similar structure unless the height of such vehicle, including load, is less than the vertical clearance of such structure." Article 6701d–11, Sec. 3(b) (1973).[3] At trial, the jury found that the truck driver was not negligent, that Southern Pacific was negligent in failing to place adequate warning signs, and that this negligence was a proximate cause of the collision in question. Southern Pacific filed a motion for judgment notwithstanding the jury's answers to the special issues. The trial court entered judgment for Southern Pacific, holding as a matter of law that the truck driver was negligent and that such negligence was a proximate cause of the damages incurred. The court held that Southern Pacific was not negligent. The Court of Civil Appeals affirmed, and this Court found no reversible error in that judgment. The Court of Civil Appeals said:

"We hold that defendant's conduct, considering the prohibitive nature of the criminal statute involved and its purpose, together with all the circumstances, constitutes negligence as a matter of law, and that such negligence, as a matter of law, was a proximate cause of the accident and the damages sustained by plaintiff. . . .

"Proximate cause becomes a question of law when it consists of a violation of the law or the circumstances are such that, in the opinion of the court, reasonable minds could not arrive at different conclusions. *Burton v. Billingsly*, 129 S.W.2d 439, 442 (Tex.Civ.App.), writ ref.; *Cave v. Texas & Pacific Railway Company*, 296 S.W.2d 558, 560 (Tex.Civ.App.), writ ref., n. r. e.; *Missouri Pacific Railroad Company v. Dean*, 417 S.W.2d 357 (Tex.Civ.App.), writ ref., n. r. e. And see *Hopson v. Gulf Oil Corp.*, 150 Tex. 1, 237

---

**3.** This article was transferred from Vernon's Ann.Penal Code, Art. 827a, by authority of § 5

of Acts 1973, 63rd Leg., p. 995, ch. 399, enacting the new Texas Penal Code.

S.W.2d 352, 355, 356. We hold that the negligence of defendant was a proximate cause of the damages as a matter of law."

In *Southwestern Bell Telephone Company v. Hertz Equipment Rental Company*, 533 S.W.2d 853 (Tex.Civ.App.1976, writ ref'd n. r. e.), the phone company sued defendant trucking company for driving under an overhead cable with an oversized load. The Court of Civil Appeals found negligence and proximate cause against the defendant as a matter of law, stating:

"It is obvious from legislative enactments on mandatory heights of structures etc. across highways and in limitations put upon heights of vehicles carrying loads that our Senators and Representatives foresaw the probability of collisions, one with the other. Thereby a guide is supplied to 'foreseeability' by a reasonably prudent person, both as related to negligence and proximate cause, excepting when he might encounter some extraordinary circumstance." 533 S.W.2d at 857.

See also *Missouri Pacific Railroad Company v. Dean*, 417 S.W.2d 357 (Tex.Civ.App. 1967, writ ref'd n. r. e.), wherein Dean sued the railroad for damages sustained when his car ran into the railroad's freight train that was stopped on a public highway. The jury found that the plaintiff was negligent, but "that such negligence was not a proximate cause of the collision." The court, however, held:

"Ordinarily, the question of whether the plaintiff's contributory negligence is a proximate cause of his injury is a question of fact, but in some instances the question becomes one of law. *Texas & P. Ry. Co. v. Bigham*, 90 Tex. 223, 38 S.W. 162; *Cave v. Texas & Pacific Railway Company* (Tex.Civ.App.) 296 S.W.2d 558–560; *Geo. D. Barnard Company v. Lane* (Tex.Civ.App.) 392 S.W.2d 769.

"Proximate cause exists as a matter of law where the circumstances are such that reasonable minds could not arrive at a different conclusion. *Texas & N. O. R. Co. v. Stewart* (Tex.Civ.App.) 248 S.W.2d

177; *Wichita Valley Ry. Co. v. Fite* (Tex. Civ.App.) 78 S.W.2d 714.

\* \* \* \* \* \*

"It appears to us that the evidence as outlined above conclusively shows that reasonable minds could not arrive at a different conclusion other than that the failure of the plaintiff to keep a proper lookout was a proximate cause of the accident and resulting injury."

In the present case, as in those cited above, there was no evidence of any extraordinary or unforeseeable circumstances which might excuse the American Statesman's violation of the clearance statute. We hold that the American Statesman's negligence was a proximate cause as a matter of law of the collision and resultant damage done to its structure.

■■■■ American Statesman attempts to relieve itself from liability by its contention that Missouri Pacific's "waiver" of the clearance height excused the newspaper's negligence. In other words, Statesman argues that the railroad employee's assurances that the structural height would be adequate obviates any foreseeability inherent in the statute, the newspaper having relied on the assurances of the railroad. The jury found that Missouri Pacific waived its right to require the Statesman to construct the tram with a clearance of twenty-two feet. A similar type of argument was unsuccessfully argued in *Lewie Montgomery, supra*. The function of waiver or estoppel is to preserve rights, not to create independent causes of action. *Southland Life Ins. Co. v. Vela*, 147 Tex. 478, 217 S.W.2d 660 (1949). Waiver and estoppel are defensive in nature and operate to prevent the loss of *existing rights*. *Jones v. Texas Gulf Sulphur Co.*, 397 S.W.2d 304 (Tex.Civ.App.1965, writ ref'd n. r. e.). Missouri Pacific had no existing "right" which it could waive in assuring that the lower clearance would be adequate.

■■■■ As heretofore noted, only the Railroad Commission may waive the clearance requirement set forth in Article 6559a. Moreover, the doctrine of estoppel or waiv-

er cannot be invoked to nullify a mandatory statutory restriction, especially when such restriction is enacted for the benefit of the general public as opposed to those benefits that inure to a private individual. See *Phillips v. City of Abilene*, 195 S.W.2d 147 (Tex. Civ.App.1946, writ ref'd); *Sartin v. Hudson*, 143 S.W.2d 817 (Tex.Civ.App.1940, no writ).

American Statesman by a cross-point asserts that damages in the amount of $19,-835.35 were established as a matter of law, and that the jury award of $12,000 was erroneous. In view of our holding it is unnecessary to pass on the merits of this point.

Accordingly, the judgments of the courts below are reversed, and judgment is rendered for Missouri Pacific that American Statesman take nothing by its suit.

Dissenting opinion by REAVLEY, J., in which GREENHILL, C. J., joins.

REAVLEY, Justice, dissenting.

The American Statesman newspaper plant and one other business site are served by Missouri Pacific train crews over this spur track. After they discussed the loading problem, the railroad's agent assured the newspaper's agent that any railroad car which would come down this track would clear the structure if constructed at the planned 16 feet 4 inch height. American Statesman acted upon that assurance, but Missouri Pacific came along and drove a boxcar into the structure.

The jury found that the railroad agent was negligent in assuring the newspaper's agent that a clearance of 16 feet 4 inches would accommodate any boxcar which the railroad would be moving under the structure, and the jury found that this negligence was a proximate cause of the mishap.

The jury then found that American Statesman was contributorily negligent in constructing the structure with less than 22 feet clearance. This finding was not one of common law negligence but of unexcused violation of the statute. The jury failed to find that this negligence was a proximate cause of the mishap.

The judgment in favor of American Statesman is correct unless the record establishes the foreseeability element of proximate cause as a matter of law. To do this we must allow the jury no latitude except to say that a reasonably prudent person would have foreseen or anticipated this boxcar collision after being given assurance by the railroad agent that any boxcar that would come down the tracks would clear at this height. The jury found that the newspaper agent was reasonable in relying upon the assurance given him, and it seems to me that the jury was clearly entitled and justified to so find.

The cases cited by the majority only reveal that proximate cause may be held to be established as a matter of law—when the attending circumstances do not permit reasonable minds to differ as to the consequences of the statutory violation. That is not the case here. The newspaper agent, acting upon the assurance of the railroad agent, did not knowingly enter such a "zone of danger" as the drag racer did in *Parrott v. Garcia*, 436 S.W.2d 897 (Tex.1969).

The foreman of the Missouri Pacific switching crew, which was operating the cars when the collision occurred, testified that he had observed the American Statesman structure on a prior occasion and had consulted the railroad agent to see if there would be any problem. The foreman was told that "it would clear. He said the engineer said it was all right so that's all I had to go by." This was sufficient for the switching crew foreman, but it is now held that it cannot be reasonably sufficient for the newspaper agent.

I read the Court here to impute foresight to the newspaper agent—and to do so because a statute has been violated. We should neither disregard the attending circumstances nor change the proximate cause rule for the case of negligence per se.

GREENHILL, C. J., joins in this dissent.