**Wilbur GIBSON, Plaintiff-Appellant,**

v.

**WORLEY MILLS, INC., Defendant-Appellee.**

**No. 78–2008.**

United States Court of Appeals, Fifth Circuit.

March 24, 1980.

Richard E. Green, James W. Witherspoon, Donald L. Davis, Earnest Langley, Hereford, Tex., for plaintiff-appellant.

Culton, Morgan, Britain & White, Jess C. Dickie, Amarillo, Tex., for defendant-appellee.

Before GODBOLD, GARZA and RANDALL, Circuit Judges.

GODBOLD, Circuit Judge:

Gibson, a resident of Texas, bought from Worley Mills at its plant in New Mexico, a large quantity of a "pasturage mixture" of rye and barley seed. Gibson supplied wheat seed, which Worley cleaned and added to the rye-barley mix that it sold. Gibson hired a contract planter to sow the three-

seed mixture on his land in Texas for the purpose of growing forage for the feeding of livestock. When the sowing operation was almost completed the planter discovered that the mixture also contained the seed of bindweed, a highly noxious plant. Later bindweed was found growing on the seeded land.

Bindweed has good protein content and is readily eaten by cattle, but it is highly undesirable. It has deep roots, is very difficult to eradicate, and tends to choke out other plants.

Plaintiff sued Worley in United States District Court in Texas under theories of negligence, strict liability, and breach of implied warranty. The case was submitted to the jury on special interrogatories under Fed.R.Civ.P. 49(a). The jury found that the mixture sold by Worley contained bindweed seed. It found that the mixture was to be used by Gibson for planting and growing forage for the feeding of livestock, that Worley knew or should have known of Gibson's intentions, and that the mixture was fit for this intended purpose. It found that Gibson relied on the skill and judgment of Worley in selecting the ingredients for the mixture, other than the wheat. It found that it was reasonable for Gibson to use the pasturage mixture without inspecting it to determine if it had any defect. The jury also found that the bindweed seed was the producing cause of damage to Gibson's land. Last, it found that the reasonable cost of eradicating the bindweed was $20,000. The court entered judgment for Worley. Gibson appealed. We reverse and remand with directions to enter judgment for Gibson.

■ Sale of any agricultural seed containing bindweed seed is forbidden by federal law, 7 U.S.C. §§ 1561 & 1571 (1976), Texas law, Tex.Rev.Civ.Stat.Ann. art. 93b (Vernon 1978 Supp.), and New Mexico law, 13 N.M.Stat.Ann. 76–10–12 (1978). Sale of the seed by Worley was negligence as a matter of law because Gibson was in the class of persons that all of these statutes were designed to protect. *Reyes v. Vantage S. S. Co.,* 558 F.2d 238, 241–43 (5th Cir. 1977) (federal law; regulations regarding lifelines); *Burran v. Dambold,* 422 F.2d 133, 135 (10th Cir. 1970) (New Mexico law; state building code regarding preparation of plans and specifications); *Moughon v. Wolf,* 576 S.W.2d 603, 604 (Tex.1978) (traffic safety law); *Missouri Pac. R. Co. v. American Statesman,* 552 S.W.2d 99, 102 (Tex.1977) (statute regarding clearance of structures over railroad tracks); *cf. Marshall v. Isthmian Lines, Inc.,* 334 F.2d 131, 133–36 (5th Cir. 1964) (violation of federal regulation regarding bale bindings not negligence per se because "regulation was not designed to protect against the risk of the harm incurred"). The jury excluded contributory fault on the part of Gibson by finding that he acted reasonably in not inspecting the mixture.

■ The only remaining element of Gibson's action in negligence was proximate causation. This element may be established as a matter of law by a showing of causation in fact and foreseeability. The existence of a statute forbidding some activity because of the harm that may result acts at least as a guide to the existence of foreseeability. *American Statesman, supra,* 552 S.W.2d at 103–05; *Southwestern Bell Telephone Co. v. Hertz Equipment Rental Co.,* 533 S.W.2d 853 (Tex.Civ.App.1976) *writ ref'd n.r.e.; Lewie Montgomery Trucking Co. v. Southern Pacific Co.,* 439 S.W.2d 691 (Tex.Civ.App.1969) *writ ref'd n.r.e.; see* Restatement (Second) of Torts § 874A & Comment e (1979). The jury finding that the bindweed seed in the mixture was the "producing cause" of the damage to Gibson's land excluded the possibility that the source of the bindweed either was seed already present in the soil or was some other source than the pasturage mixture. Thus the jury found causation in fact.

■ Moreover, proscriptions against the sale of agricultural seed containing bindweed seed are not imposed because bindweed seed is dangerous when ingested, or because it will injure persons who handle it, or because it will produce a plant poisonous to livestock, but because bindweed adversely affects the land. The harm that occurred to Gibson is clearly the foreseeable

result which the statutes were designed to prevent. Thus there was proximate cause as a matter of law.

■ With cause in fact and damages found by the jury, and negligence and proximate causation present as a matter of law, the court was required to enter judgment for Gibson.

■ Some of the answers to interrogatories on the warranty theory of the case are inconsistent with what we have said. A new trial is not required, however, because these interrogatories and the accompanying instructions, to which Gibson objected, confused the ordinary usage issue. The interrogatories submitted to the jury inquiring as to whether the seed mixture was reasonably fit for the purpose intended, was fit for ordinary purposes, and fit for planting and growing forage, should not have been submitted, because they were not necessary to the decision of this case. When bindweed seed is included in a seed mixture to be planted on the land, the mixture cannot be reasonably fit because it damages the land that it is planted on.

Our conclusion concerning the negligence theory makes it unnecessary to discuss the strict liability theory.

The judgment of the district court is REVERSED and the cause REMANDED with directions to enter judgment for plaintiff in the amount of $20,000.