Ronald STUBBS, et al., Appellants,

v.

Curtis DABNEY, et al., Appellees.

No. 09 81 014 CV.

Court of Appeals of Texas, Beaumont.

March 18, 1982.

Rehearing Denied April 15, 1982.

Sid Stover, Jasper, for appellants.

David E. Bernsen, Beaumont, for appellees.

DIES, Chief Justice.

This is a suit for damages following an automobile collision. Two of the three plaintiffs below, along with the wife, (who was killed) of Curtis Dabney, the other plaintiff, were occupants in a car driven by Michael Fontenot. The other car involved was driven by Ronald Stubbs, an uninsured driver. Home Insurance Company, as defendant below, was the insurance carrier for Michael Fontenot and, before this trial, had settled liability and personal injury protection claims with the plaintiffs.

Trial was to a jury, and the jury fixed the negligence of the parties as follows: Ronald Stubbs 30%, Michael Fontenot 50%, Jacqueline Dabney 10%, John Goosby 5%, John Haynes 5% (the latter three being passengers in the Fontenot vehicle). A money judgment was given plaintiffs from which defendant Home Insurance Company brings this appeal. The parties will be referred to herein as plaintiffs, or by name.

Some of the facts are in dispute, but the following are not: Both the Fontenot vehicle and the Stubbs vehicle were proceeding south near Lumberton, Texas, on a four lane highway. They were driving, at times, at a very high rate of speed, 80 m. p. h., or more. All of the parties had been drinking. They were almost certainly racing; Fontenot lost control of his vehicle, swerved left, then right, ran over a pine tree, and into a house, causing the death and injuries sued for.

The jury answered "No" to Special Issue No. 1(d) asking if Stubbs was negligent in swerving toward the vehicle operated by Fontenot and that (2) this was not a proximate cause of the occurrence (even though they were instructed to answer the latter only if they answered "Yes" to the former). The evidence is overwhelming in support of this jury answer and is unchallenged on this appeal.

Plaintiffs argue in their brief that defendant was negligent per se in racing on a public highway. "However, a finding of negligence per se ... does not establish liability. In addition, a showing is required that such negligence was a proximate cause of the damages." *Missouri Pac. R. Co. v. American Statesman*, 552 S.W.2d 99, 103 (Tex.1977), and authorities cited. Defendant has a point urging there is no evidence showing the evidence of the uninsured motorist, Stubbs, was a proximate cause of the accident in question, which we sustain. Unless we are willing to say that Stubbs' participation in the race was a proximate cause of the occurrence by inciting plaintiffs to race, then he had no more to do with it than the State Trooper. We are unwilling to extend the doctrine of proximate cause this far.

The judgment of the trial court is reversed, and it is rendered that plaintiffs recover nothing of and from defendants.

REVERSED and RENDERED.