ACCEPTED
12-15-00256-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/30/2015 1:55:50 PM
Pam Estes
CLERK

CAUSE NO. 12-15-00256-CV

IN THE COURT OF APPEALS FOR THE
12TH DISTRICT OF TEXAS
TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/30/2015 1:55:50 PM
PAM ESTES
Clerk

SANGER BANK,
Appellant,

v.

DAVID CHRISTOPHER FRANKENS
AND KATHRYN FRANKENS,
Appellees.

Appealed from County 217th District Court
Angelina County, Texas
The Honorable Robert K. Inselmann, Presiding

## APPELLANT'S BRIEF

## ORAL ARGUMENT REQUESTED

Ryan Thomas Webster
Texas Bar No. 24066272
ryan@wtwlawfirm.com
R. William Wood
Texas Bar No. 21906000
bill@wtwlawfirm.com
WOOD, THACKER & WEATHERLY, P.C.
400 West Oak Street, Suite 310
Denton, Texas 76201
Tel. (940) 565-6565
Fax: (940) 566-6673
**Attorneys for Appellants**

and
Robert Alderman
Texas Bar No. 00979900
balderman@aldermancainlaw.com
Robert Cain
Texas Bar No. 03907200
rcain@aldermancainlaw.com
Alderman Cain & Neill, PLLC
P.O. Box 153237
Lufkin, TX 75915-3237
Tel. (936) 633-4209
Fax: (936) 632-3316
**Attorneys for Appellant**

# IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| **Appellant:** | Sanger Bank |
| **Counsel for Appellant:** | Ryan Thomas Webster |
| | Texas Bar No. 24066272 |
| | Email: ryan@wtwlawfirm.com |
| | R. William Wood |
| | Texas Bar No. 21906000 |
| | Email: bill@wtwlawfirm.com |
| | WOOD, THACKER & WEATHERLY, P.C. |
| | 400 West Oak Street, Suite 310 |
| | Denton, Texas 76201 |
| | Tel. (940) 565-6565 |
| | Fax: (940) 566-6673 |
| | and |
| | Robert Alderman |
| | Texas Bar No. 00979900 |
| | balderman@aldermancainlaw.com |
| | Robert Cain |
| | Texas Bar No. 03907200 |
| | rcain@aldermancainlaw.com |
| | Alderman Cain & Neill, PLLC |
| | P.O. Box 153237 |
| | Lufkin, TX 75915-3237 |
| | Tel. (936) 633-4209 |
| | Fax: (936) 632-3316 |
| | |
| **Appellees:** | David Christopher Frankens |
| | Kathryn Frankens |
| | |
| **Counsel For Appellees:** | Krystal E. Rylie |
| | Texas Bar No. 24065977 |
| | Email: kriley@skeltonslusher.com |
| | SKELTON SLUSHER BARNHILL |
| |   WATKINS WELLS, PLLC |
| | 1616 South Chestnut |
| | Lufkin, TX 75901 |
| | Tel. (936) 6532-2300 |
| | Fax: (936) 632-6545 |

# TABLE OF CONTENTS

Identity of Parties and Counsel ....................................................................i

Table of Contents ........................................................................................ii

Index of Authorities ...................................................................................iv

Statement of the Case.................................................................................. 1

Issues Presented........................................................................................... 1

Statement of Facts.......................................................................................2

Summary of the Argument..........................................................................6

Argument .....................................................................................................8

    A.    The trial court abused its discretion by granting Plaintiffs'
    temporary injunction because Plaintiffs failed to prove
    that they have a probable right to the relief sought..................8

        1.  The Frankens did not prove that they have a
        probable right to the relief sought under any
        of their claims against Sanger Bank.................................... 9

        2.  The Frankens did not establish a probable right
        to relief on their breach of contract claim against
        Sanger Bank.....................................................................10

        3.  The Frankens' negligent misrepresentation claim
        fails under the economic loss rule and they did not
        establish a probable right to relief ...................................13

        4.  Because the Frankens' loan is not a good or service,
        they are not "consumers" with standing to pursue
        a claim against the Defendants under the Texas
        Deceptive Trade Practices Act.  Additionally, they
        failed to show that Sanger Bank's omission was the
        producing cause of their alleged injuries .........................17

5. The Frankens did not establish a probable right to relief for civil conspiracy ............................................... 18

B. The Order Granting Temporary Injunction should be dissolved and the order declared void because it does not contain a valid trial setting ............................... 18

Prayer ............................................................................................ 20

Certificate of Service .................................................................... 21

Certificate of Compliance ............................................................. 22

---

***Cases:***

1.  *Brown v. Bank of Galveston Nat. Ass'n*
    930 S.W.2d 140
    (Tex. App. Houston [14th Dist.] 1996
    *Aff'd.* 963 S.W. 2d 511 (Tex. 1998) ................................. 17

2.  *Butnaru v. Ford Motor Company*
    84 S.W.3d 198 (Tex. 2001) ....................................................8

3.  *City of Amarillo v. Premium Standard Farms, Inc.*
    No. 07-06-0467-CV, 2007 WL2163399, at *1
    (Tex. App.—Amarillo, 2007) ................................................ 9, 10

4.  *Cook v. Tom Brown Ministries*
    385 S.W.3d 592
    (Tex. App.—El Paso 2012, pet. denied) ...................................8

5.  *Doe v. Boys Clubs of Greater Dallas, Inc.*
    907 S.W.2d 472 (Tex. 1995)................................................. 17

6.  *Emex Holdings, LLC v. Naim*
    No. 13-09-591-CV, 2010 WL 2163139 at *2
    Tex. App. – Corpus Christi 2010, no pet.) ....................... 19, 20

7.  *EOG Res. Inc. v. Gutierrez*
    75 S.W.3d 50
    (Tex. App.—San Antonio 2002, no pet.)................................. 19

8.  *Excel Corp. v. Apodaca*
    81 S.W.3d 817 (Tex. 2002) ................................................. 16

9.  *Grant Thornton, LLP v. Prospect High Income Fund*
    314 S.W.3d 913 (Tex. 2010)................................................. 15

10. *InterFirst Bank San Felipe, N.A. v. Paz Const. Co.*
    715 S.W.2d 640 (Tex. 1986)................................................. 19

11.     *Maddox v. Vantage Energy, LLC*
        361 S.W.3d 752
        (Tex. App.—Fort Worth 2012, pet. denied) ........................... 15

12.     *Massey v. Armco Steel Co.*
        652 S.W.2d 932 (Tex. 1983) ................................................. 18

13.     *Mead  v. Johnson Grp., Inc.*
        615 S.W.2d 685 (Tex. 1981) ..................................................11

14.     *Missouri Pac. R. Co. v. Am. Statesman*
        552 S.W.2d 99 (Tex. 1977) ................................................... 16

15.     *Riverside Nat. Bank v. Lewis*
        603 S.W.2d 169 (Tex. 1980) ................................................. 17

16.     *Sterling Chemicals, Inc. vs. Texaco, Inc.*
        259 S.W.3d 793 (Tex. App. Houston [1st Dist.] 2007) ............ 13

17.     *Velvet Snout, LLC v. Sharp*
        441 S.W.3d 448 (Tex. App.—El Paso 2014, no pet.) .............. 10

18.     *Walker v. Packer*
        827 S.W.2d 833 (Tex. 1992) ...................................................8

19.     *Willis v. Marshall*
        401 S.W.3d 689 (Tex. App.—El Paso 2013, no. pet)............... 14

## *Rules*

*Texas Rule of Civil Procedure 683*................................................... 19, 20

## STATEMENT OF THE CASE

David Frankens and Kathryn Frankens sued Sanger Bank for breach of contract, negligent misrepresentation, DTPA violations, civil conspiracy, and wrongful foreclosure. (C.R. at 27-39 & 107). The Frankens seek monetary relief and to enjoin Sanger Bank from foreclosing on the subject property. (*Id.*) The Honorable Robert K. Inselmann, Jr. granted an *ex parte* temporary restraining order. (C.R. at 36 & 40) On October 5, 2015, he granted the Frankens' application for temporary injunction. (C.R. at 107) The Order Granting Temporary Injunction is the subject of this accelerated appeal. This case is still pending in the trial court.

## Issues Presented

I.  To obtain a temporary injunction the applicant must plead and prove that it has a probable right to the relief requested. Did the trial court abuse its discretion by granting Plaintiffs' application for temporary injunction when Plaintiffs failed to show a probable right to relief against the enjoined party?

II. Every order granting a temporary injunction must include a final trial setting; otherwise, it is subject to being declared void and dissolved. If the stated trial setting is delayed, the order must be renewed. In this case, the Order Granting Temporary Injunction set the final trial for October 15, 2015. The case was not tried, and the order was not renewed. Should that order be declared void and dissolved?

# STATEMENT OF FACTS

On August 15, 2015, the Appellees, David and Kathryn Frankens (the Frankens), obtained an ex parte temporary restraining order to enjoin the September 1, 2015 foreclosure sale of the subject property. (C.R. at 36 & 40) On October 5, 2015, the trial court granted the Frankens' application for temporary injunction and further enjoined the foreclosure sale. (C.R. at 107). That order is the subject of this appeal.

This lawsuit arose from a $252,000 residential home loan that Sanger Bank made to the Frankens on December 19, 2014. (C.R. at 16; R.R. at 75, l. 17 - 19) The loan proceeds were for the purchase of land and construction of a house. (R.R. at 33 & 38)  The land and house are security for the loan. Sanger Bank released $60,000 of the loan proceeds directly to the title company to pay for the land. (R.R. at 79, l. 15 -11) Sanger Bank disbursed $58,876.53 of the construction loan proceeds incrementally upon completion of certain phases of the house pursuant to an agreed-upon draw formula. (R.R. at 83, l. 11 – 16; at P-2 & D-1) Sanger Bank has disbursed only $118,876.53 of the $252,000 made available to the Frankens. (R.R. at 83, l. 11 – 16)

Mrs. Frankens signed the requisite loan documents and other related documents as Mr. Frankens' attorney-in-fact. (R.R. at 22 & 24; at P-1) One of those documents was a Lender's Disbursement Statement Authorization

(Authorization). (R.R. at P-2) The Authorization allowed the borrower to select how Sanger Bank would make distributions (e.g. deposit the funds in the borrower's account or disburse the funds to the contractor). Mrs. Frankens checked a box that instructed Sanger Bank to deposit all construction disbursements into a Construction Loan Account maintained by Mr. Frankens at Sanger Bank. (R.R.at P-2) The relevant language in the Authorization reads as follows:

> I/We, the above referenced Borrowers, hereby direct Lender [Sanger Bank] to disburse construction advances on the above referenced loan as follows:
>
> 1) All disbursements are to be made by deposit from Lender into an account maintained at Lender's office created by Borrower for the disbursement of construction advances with signing privileges according to the account agreement. Use of the Construction Loan Account is restricted to the above-referenced transaction and as set out in the Construction Loan Agreement and shall not be used for any other purpose.
> ...
> If Lender disburses pursuant to option 1or 2 above, Lender shall obtain from Contractor the signed periodic statement (draw request) that covers the funds for which the Contractor is requesting payment and provide to the Borrower a statement of funds disbursed (disbursement statement) by the Lender since the last statement was provided to the Borrower. The disbursement statement and copy of the draw request will be provided to the Borrower on the same day that Lender disburses to Contractor. Lender will provide said disbursement statement and draw request to Borrower. Lender, at Lender's option, may provide the disbursement statement to Borrower by either 1) hand delivery to Borrower before disbursement, 2) depositing the disbursement statement in the United States mail, postage

prepaid on the same day of disbursement, or 3) faxed or emailed to Borrower. Borrower agrees that any of these delivery methods are acceptable to Borrower and will constitute constructive notice at the time Lender places said documents in the mail....

Lender may, at Lender's election, at any time choose to pay subcontractors, contractors and/or materialmen directly in lieu of the method selected above....
(R.R. at P-2)

Instead of opening a Construction Loan Account, Mr. Frankens orally instructed Sanger Bank to deposit the disbursements into Benrich Investment Group, LLC's (Benrich) bank account. (C.R. at 113; R.R. at 75, l.1-14)

On or about December 19, 2014, the Frankens hired contractor Benson Construction to build their house. (R.R. at P-1) Mr. Frankens is the son of Bradina Benson, an owner of Benson Construction, Benrich, and the other entity defendants in this lawsuit (excluding Sanger Bank). (R.R. 21, l.1-10) Between January 2014 and early April 2015, Sanger Bank made eight construction loan disbursements into Benrich's account. (C.R. at 113; R.R.at 75, l. 1-14 at 91, l. 5 – 10; at D-1)

In April 2015, the Frankens and Benson Construction had a falling out. (R.R.at 44, l. 6-9) Before the house was completed, Mr. Frankens fired Benson Construction and told the Bensons not to come back to the subject property. (R.R. at 51, l. 24- 52, l. 5) Benson Construction had poured the foundation and built at least seventy percent of the frame. (R.R. at 61, l. 3-8)

The Frankens have not hired a new contractor to take over construction and failed to protect the partially constructed house from the elements. (R.R. at 46-48) They now contend that the house will need to be rebuilt due to the resulting damage. (R.R. at 54, l. 25 – 56, l. 4) Sanger Bank became concerned about its collateral and elected to exercise its right to foreclose on the subject property. (R.R. at 83, l. 24 - 84, l. 2) The Frankens then filed this lawsuit. (C.R. at 14, 31 &35)

At the time of the injunction hearing, the Frankens' claims in the lawsuit against Sanger Bank included breach of contract, negligent misrepresentation, DTPA violations, civil conspiracy, and wrongful foreclosure of the subject property (this claim was not repleaded in the live petition). (C.R. at 27-39 & 107)

# SUMMARY OF THE ARGUMENT

The Frankens failed to prove that they have a probable right to relief on any of their claims against Sanger Bank (breach of contract, negligent misrepresentation, DTPA violations, and conspiracy). The trial court, therefore, abused its discretion by grating the Frankens' temporary injunction.

With regard to each of their claims, the Frankens failed to prove that Sanger Bank's act or omission caused their alleged damages. The evidence also shows that the Frankens did not perform their obligations under the applicable contract. Their negligent misrepresentation claim fails under the economic loss rule and because a promise to perform some future act (send disbursement notices) is not actionable as negligent misrepresentation. The Frankens also failed to prove that Sanger Bank made a false statement or failed to exercise reasonable care. The Frankens could not have justifiably relied on Sanger Bank to send notices because the Frankens had not performed the condition precedent that triggers Sanger Bank's obligation. The Frankens offered no evidence of their status as "consumers" with standing to pursue DTPA claims. And, other than proving the existence of more than one defendant, they provided no evidence of a conspiracy.

Additionally, the order granting temporary injunction does not contain a valid trial setting and, therefore, should be declared void. An order granting temporary injunction must contain a trial setting. If the trial is delayed, the order must be renewed. An order that does not comply with this rule is subject to being declared void. The Order Granting Temporary Injunction contains a trial setting on October 15, 2015. That date passed without a trial and the order, the order was not renewed, and should, therefore, be declared void.

# ARGUMENT

## A. The trial court abused its discretion by granting Plaintiff's temporary injunction because Plaintiffs failed to prove that they have a probable right to the relief sought.

A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Id.* A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* A trial court abuses its discretion by granting injunctive relief when the facts do not definitively indicate that the enjoined party is in violation of the law. *See Cook v. Tom Brown Ministries*, 385 S.W.3d 592, 600 (Tex. App. – El Paso 2012, pet. denied). Consequently, a court abuses its discretion if there is a clear failure to analyze or apply the law correctly. *Id.*

To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Company,* 84 S.W.3d 198, 204 (Tex. 2001).

1. **The Frankens did not prove that they have a probable right to the relief sought under any of their claims against Sanger Bank.**

With regard to Sanger Bank, the only wrongdoing the Frankens have alleged is that it did not provide the Frankens notice of the distributions in accordance with the Authorization. (R.R.at 32, l.15-34, l. 11)  This alleged wrongdoing is the basis for each of the claims against Sanger Bank.  The Frankens pleaded that $19,000 in fraudulent draws were requested and paid. (C.R. at 31)  They also put on evidence about how the rain and their failure to hire a contractor to replace Benson Construction damaged the partially constructed home. (R.R. at 46-48)  They did not, however, provide evidence that Sanger Bank caused these damages.

Establishing a probable right of recovery mandates the presentation of some evidence satisfying the elements of the cause of action. For instance, because our common law recognizes a cause of action for breach of contract, that does not *ipso facto* mean that anyone who merely asserts that his opponent breached the agreement is entitled to relief, preliminary or otherwise. *City of Amarillo v. Premium Standard Farms, Inc.*, No. 07-06-0467-CV, 2007 WL 2163399, at *1 (Tex. App. – Amarillo, 2007). Some evidence of each element of a claim must be presented to the trial court before

it can legitimately say that there indeed exists any probability that the complainant may recover upon the allegation. *Id.*

**2. The Frankens did not establish a probable right to relief on their breach of contract claim against Sanger Bank.**

The elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach. *Velvet Snout, LLC v. Sharp*, 441 S.W.3d 448, 451 (Tex. App. – El Paso 2014, no pet.).

The Frankens made the court aware of only two contracts at the temporary injunction hearing – the Residential Construction Contract and the Authorization. (R.R. at 30, l. 20 - 32, l. 13; at P-1; at P-2)

Sanger Bank is not a party to the Residential Construction Contract. (R.R. at P-1). That contract is between Benson Construction and the Frankens. (*Id.*) Plaintiffs pleaded that Benson Construction assigned Sanger Bank its rights to any lien created by the Residential Construction Contract. (C.R. at 111-12) That assignment, however, did not purport to impose any obligations on Sanger Bank. (R.R. at P-1, 6) Additionally, the contract language does not impose any obligations on Sanger Bank. (R.R. at P-1)

Sanger Bank could not have breached the Residential Construction Contract because it is not a party and has no obligations under that agreement.

Next, the Frankens complain that Sanger Bank breached the Authorization by failing to send Mr. Frankens disbursement statements on the same day it made disbursements to Benson Construction. (R.R. at 32, l.15 - 34, l. 11)

The undisputed evidence shows that the Frankens first failed to perform their obligation under the Authorization by failing to open a Construction Loan Account with Sanger Bank. (R.R. at 74, l. 22 – 25; at P-1). Opening that account was a prerequisite to Sanger Bank becoming obligated to send notice pursuant to the Authorization. (R.R. at P-1) As a result, the Authorization did not impose any obligations on Sanger Bank. (R.R. at P-1) The Frankens, therefore, failed to establish a probable right to relief for breach of the Authorization.

The Frankens also failed to show that Sanger Bank caused any damages by allegedly breaching the Authorization. To recover damages in a breach of contract action, the Frankens must show that the damages sought were the natural, probable, and foreseeable consequence of Sanger Bank's conduct. *Mead v. Johnson Grp., Inc.,* 615 S.W.2d 685, 687–88 (Tex.1981). The

---

Frankens failed to show that their alleged damages resulted from Sanger Bank's failure to comply with obligations contained in the Authorization.

The Frankens contend that had Sanger Bank sent them detailed draw request, they would have been able to stay on budget and know where the loan money went. (R.R. at 43, l. 15 – 21) Regarding the Frankens' knowledge of the costs and distributions from Sanger Bank, the evidence shows that the Frankens knew about the disbursements made, the costs of construction, and that they did not complain to Sanger Bank about the disbursement amounts. (R.R., 86, l. 11-22) Sanger Bank sent Mr. Frankens monthly statements for payment of the interest owed on the loan disbursements. (R.R. at 84, l. 11 - 16) These statements showed the amount of draws made and the interest accrued on those draws. (R.R. at 85, l. 19 – 86, l. 5; at D-2) The Frankens received these statements, as evidenced by the fact that they made the requested payment each month. (R.R. at 85, l. 18 - 22). Additionally, Mr. Frankens actively participated in building the house. (R.R. at 29) The Frankens also negotiated checks written on Benrich's bank account to pay for labor and materials used in building the house. (R.R. at 39, l.13 - 40 l. 21; at 86, l. 6 - 15) The Bensons gave the Frankens blank, signed checks. The Frankens would then fill out those checks and give them to the appropriate vendor or subcontractor. (R.R. at 102, l. 6 - 12) Throughout the relevant time

period (December – April), the Frankens were provided with the distribution amounts and had knowledge of the basis for those distributions because they actually delivered payment for much of the work and materials that lead to those distributions. (C.R. at 81, l. 18 – 22; R.R. at 39, l.13 - 40 l. 21; at 86, l. 6 - 15)

The Frankens did not offer any evidence that they performed their contractual obligations, that Sanger Bank breached its contractual obligations, or that Sanger Bank caused their alleged damages. Accordingly, because the Frankens failed to show a probable right of recovery, the trial court abused its discretion by grating the temporary injunction based on this claim.

## 3. The Frankens' negligent misrepresentation claim fails under the economic loss rule and they did not establish a probable right to relief.

Under the economic loss rule, the Frankens may not bring a claim for negligent misrepresentation because they have not suffered an injury that is distinct, separate, and independent from the economic losses they seek to recover under their breach of contract claim. *Sterling Chemicals, Inc. v. Texaco Inc.*, 259 S.W.3d 793, 797 (Tex. App. Houston [1st] 2007).

The elements of a negligent misrepresentation cause of action are: (1) defendant's representation to a plaintiff in the course of defendant's business or in a transaction in which the defendant had an interest; (2) defendant's providing false information for the guidance of others; (3) defendant's failure to exercise reasonable care or competence in obtaining or communicating information; (4) plaintiff's justifiable reliance on defendant's representation; and (5) defendant's negligent misrepresentation proximately causing the plaintiff's injury. *Willis v. Marshall*, 401 S.W.3d 689, 698 (Tex. App.-El Paso 2013, no pet.).

The representation by Sanger Bank that the Frankens complain about is contained in the Authorization. (R.R. at 32, l. 15 – 33, l. 5) It states that Sanger Bank <u>will</u> send notice of disbursements on the same day they are made. However, such notice is only required if the Frankens had opened a Construction Loan Account. (R.R. at P-2)

The Frankens did not establish that the representation in the Authorization was false or made without exercising reasonable care. Sanger Bank's obligation to send notice was conditioned upon Mr. Frankens first opening an account, which he did not do. (R.R. at 74, l. 22-25; at P-2) Whether the representation was false and made with reasonable care cannot

---

be determined because Sanger Bank's obligation to send notice per the Authorization never arose.

Additionally, a promise to do or to refrain from doing an act in the future is not actionable as a negligent misrepresentation because it does not concern an existing fact. *Maddox v. Vantage Energy, LLC*, 361 S.W.3d 752, 760-61 (Tex. App. – Fort Worth 2012, pet. denied.). The alleged misrepresentation is not actionable because it is a promise to do an act/send notices in the future.

The Frankens could not have justifiably relied on the Authorization. Justifiable reliance requires reasonable reliance by the Frankens. *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010). Reliance on the Authorization in this case is not reasonable. The Frankens knowingly did not perform their obligation to open an account - a prerequisite to Sanger Bank's performance. (R.R. at 74, l 22-25; at P-2) Instead, Mr. Frankens instructed Sanger Bank to deposit the disbursements into Benrich's account. (C.R. at 113; R.R. at 75, l. 1-14) The Frankens could not reasonably rely on Sanger Bank to comply with the Authorization when the Frankens knowingly failed to perform the conditions precedent.

Finally, the representations complained of were not the proximate cause of the alleged injuries. Proximate cause consists of two elements:

(1) cause in fact, and (2) foreseeability. *Missouri Pac. R. Co. v. Am. Statesman*, 552 S.W.2d 99, 103 (Tex. 1977). Cause in fact requires that the negligent act or omission was a substantial factor in bringing about the injury and without which no harm would have occurred. *Id.* A finding of cause in fact cannot be supported by mere conjecture, guess, or speculation, but may be based on either direct or circumstantial evidence. *Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex. 2002) The Frankens did not put on evidence which shows that but for the statements in the Authorization, they would not have suffered their alleged damages. Additionally, Sanger Bank was obligated to disburse the amounts it disbursed pursuant to the agreed upon formula and confirmation of work by independent inspectors. (R.R.at 89, l. 9 - 95; at D-4) In other words, if notice were sent on the date of each disbursement, the same disbursement still would likely have been made. The element of foreseeability requires a showing that a person of ordinary intelligence should have anticipated the danger to others by his negligent act. *Am. Statesman*, 552 S.W.2d, at 103. The Frankens did not put on evidence of how it is foreseeable that the statements in the Authorization would cause injury to the Frankens.

The Frankens failed to show a probable right of recovery for negligent misrepresentation.

**4. Because the Frankens' loan is not a good or service, they are not "consumers" with standing to pursue a claim against the Defendants under the Texas Deceptive Trade Practices Act. Additionally, they failed to show that Sanger Bank's omission was the producing cause of their alleged injuries.**

A loan applicant who borrows money from a bank is not a consumer because the act of borrowing money is not a good or service, and one must be a consumer to have standing to sue under the DTPA. *See Riverside Nat. Bank v. Lewis*, 603 S.W.2d 169, 174 (Tex. 1980); *Brown v. Bank of Galveston, Nat. Ass'n*, 930 S.W.2d 140, 144 (Tex. App. Houston [14th]1996), aff'd, 963 S.W.2d 511 (Tex. 1998). The Frankens did not show that they were consumers with standing under the DTPA.

For DTPA claims, the Frankens must show that Sanger Banks' actions or omissions were the producing cause of their alleged damages. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 481 (Tex. 1995). A producing cause is a substantial factor which brings about the injury and without which the injury would not have occurred. *Id.* This requires some evidence that Sanger Bank's act or omission was the cause in fact of the Frankens' injury. The Frankens must also show an "unbroken causal connection" between the misrepresentation and their injuries. *Id.*

Plaintiffs offered no evidence of their consumer status under the DTPA. As set forth in the foregoing section, the Frankens did not show that Sanger Bank's failure to send notices on the day distributions were made was the cause in fact of their alleged injuries. There was also no evidence of an unbroken causal connection between the representation and injuries.

The Frankens failed to plead and prove that they have a probable right to relief against Sanger Bank for allegedly violating the DTPA.

**5. The Frankens did not establish a probable right to relief for civil conspiracy.**

The essential elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). Beyond showing that the Defendants are two or more people, the Frankens did not prove a conspiracy involving Sanger Bank. The Frankens failed to prove that they have a probable right to relief against Sanger Bank for conspiracy.

**B. The Order Granting Temporary Injunction should be dissolved and the order declared void because the it does not contain a valid trial setting.**

Rule 683 requires that every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to

the ultimate relief sought. Tex. R. Civ. P. 683. Requiring a trial date on an injunction order also places the onus upon the party requesting injunctive relief to renew the injunction if the trial is delayed beyond the trial date set forth in the order. *Emex Holdings, LLC v. Naim*, No. 13-09-591-CV, 2010 WL 2163139, at *2 (Tex. App. - Corpus Christi 2010, no pet.). Reference to an existing docket control order is not a substitute for stating a trial date in the order itself. *Id.* The reason for requiring that an injunction order include a trial date is to protect the parties from being subject to a temporary injunction made permanent by a court's failure to set the matter for a final determination on the merits. *EOG Res., Inc. v. Gutierrez*, 75 S.W.3d 50, 53 (Tex. App. - San Antonio 2002, no pet.).

The requirements of Rule 683 are mandatory and must be strictly followed. *InterFirst Bank San Felipe, N.A. v. Paz Const. Co.*, 715 S.W.2d 640, 641 (Tex. 1986). When a temporary injunction order does not adhere to the requirements of Rule 683 the injunction order is subject to being declared void and dissolved. *Id.*

In this case, the Order Granting Temporary Injunction ordered that trial on the merits be set for October 15, 2015 at 11:00 am. (R.R. at 108) The case has not been tried, and the Frankens have not renewed the injunction. (C.R.) The effect of an order with a trial date that has past is the same as an

order that never contained a trial setting. In both cases, the injunction could become permanent. The Order Granting Temporary Injunction does not comply with Rule 683, and, therefore, should be declared void and dissolved. *See Naim,* No. 13-09-591-CV, at 2.

## PRAYER

Because the Frankens failed to show a probable right to the relief they seek against Sanger Bank in this lawsuit and the Order Granting Temporary Injunction does not set forth a valid trial date, Sanger Bank prays that this Court reverse and render, or alternatively reverse and remand this matter to the trial court.

Respectfully submitted,

WOOD, THACKER &
WEATHERLY, P.C.
400 West Oak Street, Suite 310
Denton, Texas 76201
(940) 565-6565
(940) 566-6673 FAX

*/s/ Ryan Webster*
RYAN WEBSTER
Email: ryan@wtwlawfirm.com
Texas Bar No. 24066272
R. WILLIAM WOOD
Email: bill@wtwlawfirm.com
Texas Bar No. 21906000

and

Robert Alderman
Texas Bar No. 00979900
Email: balderman@aldermancainlaw.com
Robert Cain
Texas Bar No. 03907200
Email: rcain@aldermancainlaw.com
ALDERMAN, CAIN & NEIL, PLLC
122 E. Lufkin Ave.
Lufkin, Texas 75901-2805
**(936) 632-2259**
**(936) 632-3316 FAX**

**ATTORNEYS FOR APPELLANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the following attorneys of record, via electronic mail to the e-mail address listed below, on this the 30th day of November, 2015, in accordance with the Texas Rules of Appellate Procedure:

Krystal E. Rylie
SKELTON SLUSHER BARNHILL
 WATKINS WELLS, PLLC
1616 South Chestnut
Lufkin, TX 75901
Email:  kriley@skeltonslusher.com
**Attorneys for Appellees**

/s/Ryan Webster

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a proportionally spaced typeface using Microsoft Word 14 point Georgia font (and 12 point for footnotes).

This brief complies with the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(D) because it contains 3,913 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

/s/ Ryan Webster_____